Waller v. State of Arkansas.

## WALLER v. STATE OF ARKANSAS.

1. LIQUOR: *Indictment for selling to minor. Allegation of age.*

The word "Minor," in an indictment for selling liquor to a minor without his parent's or guardian's consent, sufficiently describes his age, without more.

2. SAME: *Same: Allegation of defendant's interest in the sale.*

Where an illegal sale of liquor is made by the accused, it may be so charged in the indictment; but if not made by him, personally, and he is interested in the sale, it is sufficient to charge that he was interested in it. How he was interested, is matter of proof.

3. SAME: *Same: Allegation that minor had parents or guardian.*

It is not necessary, in an indictment for selling liquor to a minor, to allege that he had parents or guardian. If he had neither, no consent could be procured, and no legal sale could be made to him.

4. SAME: *Evidence of defendant's interest in the sale.*

In a prosecution for being interested in an illegal sale of liquor, the

record of the county court, showing that license had been granted to the accused to keep a dram-shop at the place where the liquor was sold, is admissible, in connection with other competent evidence, as tending to prove his ownership of the saloon, and in erest in the sale.

5. SAME:    *Criminal liability of partner for illegal sale by co-partner.*

A partner in a saloon or dram-shop is criminally liable for an illegal sale of liquor to a minor, by his co-partner, or agent, though he was absent at the time of the sale, and had no knowledge of it.    EAKIN, J., dissenting.    See his opinion in *Robinson & Warren* v. *The State, ante.*

6. JUDICIAL NOTICE:    *That lager beer is fermented, etc.*

The courts take notice that lager beer is malt and fermented liquor, as matter of common knowledge.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*G. B. Denison,* for appellant.

The indictment does not state the age of the party to whom the sale was made.    The age was a material fact, an essential ingredient of the offense.    It fails to set out how appellant was "interested in the sale."    It is vague and indefinite.    *Johnson* v. *State,* 37 *Ark.,* 98, following *State* v. *Keith.*    It charges no unlawful act, but accuses appellant of having an unlawful interest.

The Legislature, by the act of March 8th, 1879, did not mean to wipe out the principle, that there can be no crime without an evil mind.    See 1 *Bish. Cr. L.,* (*6th Ed.*), *sec.* 206 ; *Ib.,* 286-287 ; *Ib., sec.* 205.    It was error to instruct, as the court did, in effect, that there need be neither knowledge, act, nor intent ; but that, any kind of an interest being shown, guilt follows.    *Supra,* and 1 *Bish. Cr. L., sec.* 291.

72–38

To hold defendant liable on the ground that the sale was made by an agent (1 *Bish. Cr. Pro.*, 488 *d*), it would be necessary to show agency for making this kind of sale; for the presumption would be that the agency was only for lawful sales.

The State charged a sale of both a malt and fermented liquor, and should have been held to prove it. 1 *Bish Cr. Pro.*, sec. 588. It was error to instruct that "lager beer is a malt *and* fermented liquor." *Jackson* v. *State*, 19 *Ind.*, 312; *Bish. ont Sat. Cr.*, sec. 1007-8-9-10.

*Moore*, Attorney-General, for appellee.

Cites *Sec.* 19, *Act March 8th*, 1879, and *Cloud* v. *The State*, 36 *Ark.*, 151.

ENGLISH, C. J. The indictment in this case charged: "That S. R. Waller, on the twenty–sixth of September, 1881, in the county of Conway, unlawfully was interested in the sale of one pint of beer, malt and fermented liquor, to one W. P. Wells, a minor, without the written consent or order of the parent or guardian of the said minor."

The defendant demurred to the indictment; the court overruled the demurrer; he was tried on plea of not guilty, convicted, fined $50, refused a new trial, took a bill of exceptions and appealed.

1. LIQUOR: Indictment for selling to minor. Allegation of age.

I. The first ground of the demurrer to the indictment was, that it did not state the age of the party to whom the liquor was sold.

The indictment alleges that he was a minor, the term used in the Statute (*Sec.* 19, *Act of March* 8th, 1879), and that was sufficient.

The material matter was, that he was a minor; his exact age, below majority, was of no legal consequence. The

Waller v. State of Arkansas.

meaning of the word "minor," as used in the Statute, is well known and commonly understood.

II. The second ground of demurrer was, that the indict-ment did not charge defendant with selling, and did not show in what way he was interested in the sale. It turned out, in evidence, that defendant was a licensed saloon-keeper at Morrilton, and lager beer was sold to the minor named, at his saloon; but the witness for the State, who was the minor, Wells, could not remember that the sale was made to him by the defendant.

*2. Allegation of defendant's interest in the sale; what sufficient.*

When the sale is made by the accused, it may be so charged; but where the sale is not, in fact, made by him, personally, but he is interested in the sale, he has no good cause to object to a charge made in accordance with the facts. The charge in the indictment was, that he was interested in the unlawful sale made to the minor. It was sufficient to follow the language of the Statute. How he was interested, whether as owner, or part owner of the lager beer sold to the minor, or a share in the profits of the sale, was matter of evidence.

III. The third ground of demurrer was, that the indict-ment did not charge that the minor had parents or guardian.

*3. Allegation of parents or guardians.*

It was sufficient for the indictment to follow the language of the Statute in negativing the consent of the minor's parent or guardian. If he had neither, no consent could have been procured, and he could have bought no lager beer, unless sold to him illegally; and the deprivation would, perhaps, have been better for him.

IV. On the trial, the witness for the State, W. P. Wells, testified that, when but twenty years of age, and within twelve months before the finding of the indictment, he bought and paid for lager beer, at defendant's saloon, in Morrilton. That defendant staid at the saloon, and liquors,

*4. Evidence of defendant's interest in the sale.*

whisky, wines, and beer were kept for sale there. Witness did not know whether it was defendant's saloon or not; it was called his saloon, and there was a sign out, "S. R. Waller's Saloon."

The State was permitted to read, from the county court record, against the objections of defendant, an order granting to S. R. Waller, a license to keep a dram shop, at Morrilton, in Conway county.

The order was competent, as tending to prove that defendant was the owner of the saloon at which witness, Wells, purchased the lager beer, and, therefore, interested in the sale.

V. The court charged the jury, in effect, that if they found, from the evidence, that defendant was interested in the sale of the lager beer to the minor, Wells, as owner, or part owner, thereof, etc., he was liable ; and refused to charge them that it was unnecessary to prove that the sale was made by him, personally ; or that he had knowledge, before the sale, that it was to be made ; or consented to, or, in some manner, participated or took part in such sale.

It was sufficiently proved that the sale was made to the minor, at defendant's saloon, and in his dram-shop business ; and that was sufficient to make him liable. *Robinson et al. v. State, ante.*

5. JUDI-
CIAL NO-
TICE:
That la-
ger beer is
ferment'd.

VI. It was not proved that the lager beer sold to the minor was malt and fermented liquor ; but the court properly treated this as matter of common knowledge.

Affirmed.