## Heavner *vs.* Saeger *et al.*

1. Where a case was referred to an auditor, who made his report, but had not returned it into court, there was no error in opening it and allowing a judgment to be set off, both parties being notified to appear for the hearing of further evidence.
2. Where a motion was made to re-refer a case to an auditor to take testimony on what the law of the state of the contract was, and thereupon counsel for both parties agreed to submit the matter to the judge instead of having it referred to the auditor, and agreed what the law of that state was, it was no ground of exception that the court was about to allow the re-reference and that they were forced to make the consent in order to save time.

December 12. 1887.

Auditors. Practice in Supreme Court. Before Judge Fain. Dade Superior Court. March Term, 1887.

Reported in the decision.

W. H. Dabney; J. H. McLean, for plaintiff in error.

McCutchen & Shumate, for defendants.

Blandford, Justice.

Heavner brought his action against Saegar *et al.* on several promissory notes. Several pleas were filed by the defendants; and the matter was referred to an auditor. After the auditor had made his report, but before he returned it to the court, the defendants applied to him to open it so as to allow them to put in a certain judgment and execution in favor of one Sternberg against Heavner, which they alleged had been transferred to them, and was a debt against Heavner which they wished to go in as a set-off to the claim of Heavner against them. The auditor thereupon took testimony, and allowed this judgment as a set-off; and the exception made by the plaintiff in error is, not that the judgment ought not to have been allowed

as a set-off against the claim of the plaintiff in error, but to the auditor's having opened the report to let in this evidence.

1. We are of the opinion that the auditor had the right to open his report at any time before he returned it to the court, if the parties were notified, as they were in this instance, to appear for the hearing of further evidence. So we think there is nothing in this exception.

2. The next ground of exception is this: After the report had been returned into court, the counsel for the defendants in error moved the court to re-refer the case to the auditor to take testimony on what the law of Pennsylvania was on the subject of interest. Thereupon the counsel for the plaintiff in error agreed to allow the matter to be submitted to the judge, to let him decide upon that question instead of having a re-reference to the auditor. The parties agreed upon what the law of Pennsylvania was on the subject of interest, and the court adjudged that the law of Pennsylvania allowed only six per cent., whereas according to the law of Georgia the plaintiff would be entitled to seven per cent. The exception is, that the court was about to allow a re-reference to the auditor, and that because he was about to allow it, they were forced, in order to save time, to consent that the court himself might hear it. We do not think that the exception is well taken. The plaintiff in error had a right to stand upon his rights, and to have objected to the matter being again referred to the auditor. But the plaintiff in error voluntarily agreed that the court might hear this question ; and by his agreement, we think he waived any exception that he might otherwise have had. The exception in this case is not that the court decided what was not the law, or that the law of Pennsylvania governing this case was not the law. These parties lived in Pennsylvania, and it was a contract made to be performed in Pennsylvania, and the law of Pennsylvania was agreed upon and submitted to

the court by counsel for both parties. The exception is that counsel for the plaintiff in error was forced to agree to this. We cannot see how he could be forced to agree to it. No man could be forced to agree to the reference of a question to the judge instead of the auditor. So we think there is nothing in this exception.

Judgment affirmed.