### 1269.  CRIPE v. THE STATE.

1. The State, in its proof, is not restricted to the date alleged in the in-- dictment; and a conviction for crime is authorized, where the offense is. shown to have been committed on any day, prior to the indictment,. which is within the statute of limitations.
2. Proof of reputation for lewdness may be offered, to discredit the testi- mony of a female witness; but the jury may believe such a witness to be truthful, although not virtuous.
3. The courts may take judicial cognizance of the fact that lager beer is. an intoxicating malt liquor.

Accusation of unlawful sale of liquor, from city court of Fitz-- gerald—Judge Jay.  June 8, 1908.

Submitted October 5,—Decided October 12, 1908.

*E. S. Fuller*, for plaintiff in error.

*O. H. Elkins, solicitor*, contra.

RUSSELL, J.  Cripe was convicted, on a special presentment, for-- selling intoxicating liquor.  He excepts to the judgment over-- ruling his motion for new trial.  The arguments presented in. support of the general grounds of the motion are, that the pre-- sentment charged the offense to have been committed on the 3d. of July, 1907, whereas all of the evidence shows that the sale, if any, was made on the 4th of July; and that the only evidence of the sale of whisky is from two women, whom the evidence shows to be of lewd character.

1, 2.  These points are so well settled by authorities that we· deem even the reference to them which we have made in the head-notes almost unnecessary.

3.  Another point which is presented is that the evidence fails. to show that the beer which was sold was intoxicating.  The authorities differ much as to whether judicial notice shall be taken of the fact that beer is intoxicating.  The stronger current of. authority is that where the allegation and the proof are confined to beer, evidence must be adduced to show that such beer is in-toxicating.  This is due to the fact that there are many beers,. such as persimmon beer, ginger beer, spruce beer, and others, which are not generally supposed to be intoxicating.  However,. one of the witnesses in this case testified that the beer in question was lager beer.  Lager beer is so generally known to be an in-- toxicating malt liquor that the courts can as well take judicial.

notice of its qualities in that regard as of any other fact of common notoriety which the courts, in common with every other well-informed person, can be presumed to know. See Black on Intoxicating Liquors, §17; 7 Enc. Evidence, 675, D; Tinker v. State, 90 Ala. 647 (8 So. 855); Walker v. State, 38 Ark. 656; Netso v. State, 24 Fla. 363 (5 So. 8, 1 L. R. A. 825); State v. Giersch, 98 N. C. 720 (4 S. E. 193); State v. Goyette, 11 R. I. 592; State v. Graveline, 16 R. I. 40 (16 Atl. 914); State v. Kibling, 63 Vt. 636 (22 Atl. 613); State v. Church, 6 S. D. 89 (60 N. W. 143). We are aware that the Supreme Court of New York takes the contrary view, holding that the question should be left with the jury. In our own State, in *Snider* v. *State,* 81 *Ga.* 753 (7 S. E. 631, 12 Am. St. R. 350), the question as to whether the court should take judicial notice that beer was an intoxicating liquor was not before the court, nor was lager beer involved. The liquor there under consideration was pure alcohol. We think, however, that from the reasoning in the *Snider* case we can safely deduce that the court may take judicial cognizance of the fact that lager beer is intoxicating; because it is a fact, known to every man of common understanding, that what is ordinarily known as lager beer, will intoxicate; and also the further rule that where a beer is not well known and recognized as an intoxicant, proof that it will intoxicate should be required. The verdict against this defendant can stand upon proof of the sale of whisky, though the date of the sale is not more definitely stated than that it took place in the last two years; but the verdict is equally well supported by proof of the sale of lager beer on the 4th of July, because we conceive that judicial knowledge of intoxicating quality extends as much to lager beer as to whisky.

*Judgment affirmed.*