### 5341. DENT v. THE STATE.

RUSSELL, C. J. 1. Though an acquittal would have been authorized by some of the evidence in this case, there was sufficient evidence in behalf of the State to support the conviction of the defendant.

2. The law recognizes, without proof, that lager beer is an intoxicating liquor. *Cripe* v. *State*, 4 *Ga. App.* 832 (62 S. E. 567). And although the evidence was insufficient to satisfy the jury beyond a reasonable doubt that the accused participated in the sale of whisky, the nature of the transaction as to the lager beer compelled the conclusion that the accused was participating in the illegal sale of this intoxicant, unless the transaction was satisfactorily explained. The question as to whether the explanation was satisfactory was one solely for the jury.

3. There being no request that the jury be instructed upon the subject of the impeachment of witnesses, the trial judge did not err, for any reason insisted upon, in making no further reference to the subject of impeachment than by stating that "witnesses are presumed to tell the truth, unless they are impeached in some way known to the law; it is the duty of the jury to reconcile the testimony without imputing perjury to any witness, if possible," there being no exception to this charge upon the ground that it is incorrect as a matter of law, but 'the assignment of error being that the court should have given certain additional instructions upon the same subject.

4. It is error for the court to exclude testimony of a witness introduced for the purpose of impeaching another witness, upon the ground that the impeaching witness is not qualified to testify as to the character of the witness under investigation, when the impeaching witness testifies that he knows the witness's general reputation, and that that reputation is not good, and, from his knowledge of it, he would not believe the witness upon his oath. But where a witness swears that he knows the general reputation of the witness whom it is sought to impeach, and that it is not good, but further swears that he would believe him on oath under some conditions, the court may properly exclude the testimony, because an impeachment upon the ground of general bad character will not be warranted unless the testimony of the witness is unqualifiedly to the effect that the character of the witness whom it is sought to impeach is so bad that from that character he would not believe the witness on oath.

5. The question propounded by the trial judge can not be construed as intimating any opinion as to the guilt or innocence of the accused, and as being for that reason prejudicial to him. The answers sought to be elicited by the judge's question did not relate to the accused, but related to the witness then under examination.

6. The reopening of a case after the evidence has been closed is a matter addressed to the sound discretion of the trial judge, and the exercise of this discretion will not be controlled unless manifestly abused. In the present case there was no abuse of this discretion.

*Judgment affirmed.*

DECIDED JANUARY 20, 1914.

Indictment for sale of liquor; from Johnson superior court—Judge Hawkins. October 25, 1913.

*B. B. Blount, J. S. Adams, J. K. Hines,* for plaintiff in error.
*E. A. Stephens, solicitor-general,* contra.

