23874. DAVIS *v.* THE STATE.

DECIDED JUNE 21, 1934.

*M. B. Eubanks,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

GUERRY, J. The accused was charged with the offense of illegally manufacturing spirituous, alcoholic, malt, and intoxicating liquors. The evidence disclosed that he was seen at a still, it not being disclosed what kind of still it was nor what was being produced therefrom. There was a fire under the still. The defendant was seen stirring beer in a box with a paddle. There were six good-size boxes of beer at the place. The evidence fails to disclose anything at all in reference to the nature of the beer,—as to whether it was alcoholic, and it is entirely silent on the question as to any liquor there found being spirituous, alcoholic, malt, or intoxicating, nor was any of the liquor named or called by such a designation as is commonly understood to refer to alcoholic liquors. The evidence of one of the witnesses was: "I did see Bill Davis and Horace Hall, they were in the beer, stirring beer. The still was in operation, they had a fire." The State's witnesses testified also that the defendant had offered them money and whisky not to tell what they had seen. Most of the evidence introduced was concerned with a description of the surroundings and as to whether it was possible for the State's witnesses to have seen the still or persons

present from where they stated they were standing. The evidence raises a very violent suspicion that the defendant was engaged in the manufacture of illicit liquors. However, it is entirely silent as to the nature of the still or what was being made therein, and we are unable to say that this amounts to direct evidence that intoxicating liquors were being made. Turpentine stills are too common in the State of Georgia for it to be inferred from the fact alone that a *still* was being operated that whisky was being made therein. The proof of beer being present is not alone sufficient. In *Cripe* v. *State, 4 Ga. App.* 832 (62 S. E. 567), it was said: "Evidence must be adduced to show that such beer is intoxicating. This is due to the fact that there are many beers, such as persimmon beer, ginger beer, spruce beer, and others, which are not generally supposed to be intoxicating." In *Lumpkin* v. *Atlanta, 9 Ga. App.* 470 (71 S. E. 755), it was said: "Not every liquid called beer is judicially known to be intoxicating. *Cripe* v. *State, 4 Ga. App.* 832, supra; *Snider* v. *State,* 81 *Ga.* 753 (7 S. E. 631, 12 Am. St. R. 350). Some beers are known to be nonintoxicating. In order to show that the sale of a liquid denominated as beer is unlawful, and consequently that the keeping of the liquid for sale is likewise unlawful, it must be shown that the beer in question comes within one of those classes whose sale is regulated by law." The indictment charged, and it was necessary to prove that there was being manufactured at such still spirituous, alcoholic, malt, and intoxicating liquors. The fact alone that beer was being stirred, without showing the nature of the beer, was not sufficient to support a conviction.

*Judgment reversed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. The evidence for the State was in part as follows: "I did see him [the defendant] at the still; he was stirring a box with a paddle, stirring beer. . . There was a fire in the still, the still was running. . . That was in this county, where the still was being run and operated. . . Did not ever see anybody making liquor before, not before that time. . . I did not ever see a still, not until I seen that one. The color of it —it was bright, it was copper all right. . . I talked with Bill Davis on the following Sunday night afterwards. He come to the church and told us not to tell it, that they had too much money in it, and he offered us ten dollars apiece not to tell it, and 'if you

want it we will give you ten gallons of whisky;' and when we wouldn't take it he said we ought to have killed you and drug you down and put you in that furnace, and nobody would know where you went to. He told me he would give me ten dollars not to tell it."

The word "liquor" and the word "still" were used by the witness in the present context as relating to alcoholic or spirituous liquid, and the proof is sufficient to show, in the absence of adverse testimony, that he manufactured an alcoholic or spirituous liquor.