## 32719. STONE *v.* THE STATE.

DECIDED DECEMBER 5, 1949.

*William Story,* for plaintiff in error.

*Edward Parrish, Solicitor-General,* contra.

GARDNER, J. ■ As to the general grounds, the evidence sustains the verdict of voluntary manslaughter. In the gambling and drinking and brawl, the jury were authorized to find that the passion of the defendant became aroused and he fired the shot without malice but in a heat of passion supposed to be irresistible and not in self-defense. All of this was a jury question. The jury rejected the contentions of the defendant. The verdict was approved by the trial judge and this court is without authority to reverse it, since no error appears in the charge of the court pertaining to the general grounds.

■ Error is assigned in special ground 1 because the court instructed the jury to the effect that if they found there was a conflict between the testimony of any witnesses in the case, it was their duty to reconcile that conflict if it could be done without imputing perjury to any witness, but if they could not do so, then it was their duty to believe that witness or those witnesses whom they thought best entitled to credit and belief. It is contended that since there were irreconcilable conflicts as between the testimony of the witnesses, the court should have gone further and charged the jury on the principle of law applicable to impeachment of witnesses. The court did not charge the principle of law applicable to impeachment. However, the court did charge the jury as to the credibility of witnesses as specified in the Code, § 38-107. There was no request to charge on the principle of law applicable to impeachment. In the absence of a written request to charge, it was not error to fail to charge the principle of law on impeachment of witnesses. In the case of *Carson* v. *State*, 22 *Ga. App.* 744 (3) (97 S. E. 202), this court said: "The failure of the court to charge upon the subject of impeachment of witnesses was not error, there being no timely written request for such a charge." There are other decisions to the same effect. The assignment of error on this ground shows no reversible error.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed.* *MacIntyre, P. J., and Townsend, J., concur.*