### 38045. FINLEY *v.* THOMPSON, Judge.

TOWNSEND, Judge. 1. This is an application for writ of mandamus to issue from this court to the Judge of the Superior Court of Harris County to compel that judge to grant bail to the movant pending a decision on his appeal to this court from a felony conviction in the Superior Court of Harris County for the offense of manufacturing liquor. After conviction, the decision of whether or not to grant bail in a non-capital felony rests in the sound discretion of the trial court, and, should that court determine that bail should not be granted, the offense, as to that defendant, is non-bailable. *Crumley* v. *Gibbs,* 149 *Ga.* 119 (99 S. E. 297); *Vanderford* v. *Brand,* 126 *Ga.* 67 (54 S. E. 822, 9 Ann. Cas. 617). That the rule is other-

wise in misdemeanor cases see *Bennett* v. *Davis,* 100 *Ga. App.* 432.

2. It is contended that the refusal to admit the defendant to bail is in violation of Art. I, Sec. I, Par. IV (Code § 2-104) of the Constitution of this State which provides: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." The application states that "petitioner is without a lawyer and would like very much to be at his hearing [on appeal from the conviction by bill of exceptions] in this honorable court so that he can give oral argument" before the court. In *Loomis* v. *State,* 203 *Ga.* 394, 404 (47 S. E. 2d 58) it was held that "the constitutional provision here under consideration is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted, provided that this power can not be 'exercised in such a way as to involve a deprivation of right.' " Under the rules of the Court of Appeals (Code Ch. 24-36) oral argument is not required and argument may be made by brief in substitution for or in addition to oral argument. Any party may, of course, argue his case in propria persona if he does not wish to engage the services of an attorney, and he may make his appearance either by brief or by oral argument or both if he is in position to appear before the court in person. However, provision for appearance by brief meets the constitutional requirement as applied in this court.

Accordingly, the petition of the movant for mandamus nisi is

*Denied. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 22, 1959.

G. J. Finley, *pro se.*