46296. JORDAN v. THE STATE.

Whitman, Judge. Jordan was indicted for the offense of aggravated sodomy. He was tried, convicted and sentenced to life imprisonment.

The appeal is taken from the denial of a motion for new trial, made on the general grounds only, and such denial is Jordan's first enumerated error. The next three enumerations are repetitive of the general grounds upon which the motion for new trial was made. The fifth and final enumeration is that: "[T]he court erred in admitting the purported confession of the defendant." Held:

1. While the issue to which the fifth enumeration relates was adequately made and preserved in the record, there is no argument thereon in the appellant's brief. This enumeration is, therefore, deemed to have been abandoned. Bass v. State, 115 Ga. App. 461 (3) (154 SE2d 770); Coley v. State, 117 Ga. App. 149 (159 SE2d 452); West v. State, 120 Ga. App. 390 (4) (170 SE2d 698).

2. The remaining enumerations raise the question of the sufficiency of the evidence to support the verdict. Kane v. Standard Oil Co. of Kentucky, 108 Ga. App. 602 (1) (133 SE2d 913).

"A person commits aggravated sodomy when he commits sodomy with force and against the will of the other person." Code Ann. § 26-2002 (Ga. L. 1968, pp. 1249, 1299). There was descriptive testimony by the defendant's 14-year-old daughter, who was the alleged victim, which would have authorized the jury to find that the act of sodomy had been committed. The defendant argues that there was no evidence whatsoever of any force or that the act was against her will and that such is necessary to convict for aggravated sodomy. The girl testified that the

defendant awoke her from sleep, removed or displaced her clothing; that "I got up and he pushed me down."

Another witness, a detective, testified that after the defendant had been arrested he advised the defendant of his constitutional rights and then asked the defendant to tell what had happened, and that the defendant did so freely. The witness testified that he asked the defendant whether the girl had consented and that the defendant replied "no."

With regard to this last mentioned testimony, the trial judge, over objection and outside of the presence of the jury, after hearing testimony and argument, ruled the confession as prima facie voluntarily given and then allowed the witness to relate the same to the jury. Thereafter, having particular regard to this testimony, the jury was charged that they must first determine for themselves whether a confession had been made and if so, whether it was made voluntarily without any inducement by slightest hope of benefit or remotest fear of injury, and further that if they found either that a confession had not been made or not voluntarily made, then the testimony could not be considered. As we have pointed out in Division 1, there is no issue in this appeal as to the admissibility of this testimony.

There is evidence of all elements necessary to support a conviction for aggravated sodomy.

> *Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*
> SUBMITTED JUNE 4, 1971—DECIDED JUNE 24, 1971.

*Richard L. Powell*, for appellant.

*Ben F. Smith, District Attorney, Herbert A. Rivers*, for appellee.