## 47045.   BUTTS v. DAVIS et al.

CLARK, Judge. This appeal is by plaintiff following a verdict for defendants in a suit for personal injuries and property damage between motor vehicles with defendant having counterclaimed. The respective versions of the occurrence as presented during the trial are in direct conflict with the jury having rendered a "dog-fall verdict" reading "We the jury find in favor of the defendants. Both parties equal negligence." This verdict was made the court's judgment and followed by plaintiff's motion for new trial which was denied after amendment. As there are twenty enumerations of error which range from the inception of the case through the judgment from which this appeal is taken we will limit our recital of facts to those pertinent to the various enumerations of error separately dealt with in this opinion.

1. The first enumeration averring that the trial court committed error in overruling the amended new trial motion is not argued. Accordingly, it is deemed abandoned. *Jordan v. State,* 124 Ga. App. 135 (1) (183 SE2d 54); *Corbin v. Gulf Life Ins. Co.,* 125 Ga. App. 281 (187 SE2d 312); *Dimmick v. Pullen,* 120 Ga. App. 743 (172 SE2d 196); *Crider v. State,* 115 Ga. App. 347 (154 SE2d 743).

2. In this suit naming an employee and his master as defendants there was an allegation in the complaint as amended that the employee "was an incompetent driver, that he had no valid license to drive in the State of Georgia, that the incompetence" was known to the employer. Admitting in the answer that the co-defendant servant was acting in the scope of his employment defendants then presented a written document described as a "motion in limine" asking the court "in advance of the trial to restrict and prohibit the plaintiff from bringing in any evidence that the defendant, Ronnie Davis, did not have a valid Georgia operator's license, since this fact would not and could not constitute the proximate cause." This motion was not dealt with prior to trial but

delayed until the plaintiff sought to introduce evidence that the employee was using a learner's license which he annually renewed due to his illiteracy preventing him from passing that portion of the driver's test which requires the ability to read and write. The trial judge was correct in holding that the absence of a proper driver's license by an employee is not admissible on the question of negligence. We have so ruled in *Aycock v. Peaslee-Gaulbert &c. Co.,* 60 Ga. App. 897 (5 SE2d 598); *Etheridge v. Guest,* 63 Ga. App. 637 (12 SE2d 483); *Windsor v. Chanticleer & Co.,* 89 Ga. App. 116 (78 SE2d 871); and *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891). See also *Western & A. R. v. Reed,* 35 Ga. App. 538, 544 (134 SE 134) and *Seaboard C. L. R. Co. v. Zeigler,* 120 Ga. App. 276 (170 SE2d 60). The rule is stated in *Windsor v. Chanticleer & Co.,* supra, p. 118: "The failure of a driver of an automobile or motor truck to have a drivers license, where it does not appear such failure had any causal connection with the injury inflicted, is not a ground of negligence authorizing a recovery against the driver or his master, and the mere employment of one to drive knowing that he does not have a driver's license, does not constitute actionable negligence."

The cases cited by appellant involve negligent entrustment, a bailment situation rather than a master-servant one. Therefore not applicable are *Hertz Driv-Ur-Self Stations v. Benson,* 83 Ga. App. 866 (65 SE2d 191); *Medlock v. Barfield,* 90 Ga. App. 759 (84 SE2d 113); and *Roebuck v. Payne,* 109 Ga. App. 525 (136 SE2d 399).

3. Appellant contends error occurred in the manner in which the judge handled removal from the complaint of the allegation concerning the absence of a valid driver's license which was done through placing opaque material over such allegations and then photocopying the pleadings for sending out with the jury. He argues the effect was to leave blank sections in his pleadings without explanation. As the court had ruled the evidence to be inadmissi-

ble, it was proper to strike the allegations from the pleadings. *Code Ann.* § 81A-112 (f); *Herrington v. Spell,* 48 Ga. App. 802 (173 SE 870). As was well said in the early case of *Barnett & Co. v. Thompson,* 37 Ga. 335: "This court will reluctantly interfere with the discretion of the court below in mere matters of practice, unless the legal rights of parties are prejudiced thereby." More recently in *Internat. Assn. of Machinists v. Street,* 215 Ga. 27 (3) (108 SE2d 796), the Supreme Court similarly ruled "If the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretion has been exercised in an illegal, unjust, or arbitrary manner." We do not regard the procedure followed here as being an abuse of the court's discretion in its control of the trial and there was no denial of the plaintiff's legal rights.

4. Such appellate restraint applies also to enumerations numbers 10 and 11 alleging error by the trial court during counsel's argument to the jury which is presented to be an infringement upon the right to a full discussion and an imposition of a time limit that constituted an unwarranted interference with the advocate's privilege of conducting his case in his own way. As was shown by the transcript, pages 237 and 239, the jury was retired at the court's request during argument by plaintiff's counsel and in its absence the judge inquired as to the basis for urging a figure of "$26,000 loss of wages." In the colloquy counsel acknowledged absence of proof on this and that "this is purely my speculation." When the court said, "I think you ought to clarify that with the jury" appellant's advocate gave his explanation concluding "I think I have made that very clear to the jury that I was projecting from my own argument." The court then said "I ask you to make that clear again though." Counsel agreed, following which the judge stated "You have about seven minutes, six minutes, as a matter of fact," and the jury was then brought back.

Citing *McNabb v. Lockhart & Thomas,* 18 Ga. 495 (4); *Owens v. State,* 120 Ga. 209 (3) (47 SE 545); and *Cawthon v. State,* 71 Ga. App. 497, 498 (31 SE2d 64), which in fact support allowance of great latitude in argument and permissiveness of deductions and inference sustained by the evidence, appellant urges there nevertheless was an infringement upon his rights to a full discussion of the issues and damages involved as well as deprivation of his constitutional right granted under *Code Ann.* § 2-104 to prosecute his own cause.

We do not find error. Justice Jackson in Sacher v. United States, 343 U. S. 1, 8 (72 SC 451, 96 LE 717), recognized that "The nature of the [adversary] proceedings presupposes, or at least stimulates, zeal in the opposing lawyers. But their strife can pervert as well as aid the judicial process unless it is supervised and controlled by a neutral judge representing the overriding social interest in impartial justice and with power to curb both adversaries." The trial court complied here with the imposed duty of *Code* § 81-1009 which provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. . ." See, too, our holding in *Mullis v. Chaika,* 118 Ga. App. 11 (162 SE2d 448) that the trial judge has the power and duty to contain argument within legitimate bounds.

"The trial judge is more than a mere chairman preserving order at a meeting or a mere moderator of a debate, but he is a minister of justice with a duty to govern the progress of a trial." *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76); *Atlantic C. L. R. Co. v. McDonald,* 103 Ga. App. 328, 339 (119 SE2d 356); *Vaughn v. State,* 126 Ga. App. 252.

Moreover, it should be noted, counsel made no objection or mistrial motion to the court's suggestion nor any complaint as to the time remaining. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221); *Cochran*

*v. State,* 213 Ga. 706 (2) (100 SE2d 919). As was pointed out in *Loomis v. State,* 203 Ga. 394, 404 (47 SE2d 58), the constitutional right to handle one's case in one's own way "is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted, provided that this power cannot be 'exercised in such a way as to involve a deprivation of right.' " In accord is *Finley v. Thompson,* 100 Ga. App. 508 (112 SE2d 166).

5. Enumerations of error 7 and 8 deal with the refusal of the trial court to admit in evidence a photocopy of a liability insurance company draft payable to the order of appellant and his wife and their attorney along with the letter from such insurer tendering the draft. Pertinent portions of this letter read: ". . . tendered on behalf of our insured, representing full settlement and satisfaction of the above case. We have carefully considered the facts of this case and have concluded that this amount represents a fair and equitable disposition thereof. The issuance of this draft is understood to be without solicitation on your part; however, acceptance for payment is conditional upon continuance [sic] of litigation with prejudice." This occurred a month before institution of this suit.

Anticipating the objection that these would not be admissible under *Code* § 38-408 because they were in connection with compromise negotiations counsel argued that the documents came within the rulings of *Teasley v. Bradley,* 110 Ga. 497 (6) (35 SE 782, 78 ASR 113), *Janney v. Dugger,* 86 Ga. App. 414 (71 SE2d 777), and *Swanson v. Hodges,* 96 Ga. App. 540 (101 SE2d 212). These rulings are that an admission made in an offer to settle upon certain terms a claim that is unquestioned is admissible in evidence as contrasted with the inadmissibility of an offer to compromise a doubtful claim. Although the trial judge was dubitante concerning this contention, his ruling against permitting the letter and draft in evidence was based upon the principle that existence of liability insurance is to be excluded in damage suits.

Many authorities have pointed out the existence of liability insurance is so widely known that the rule forbidding injection should be abandoned as unrealistic. Stare decisis requires us to follow the prior decisions, some of which are cited in *Black v. New Holland Baptist Church,* 122 Ga. App. 606, 609 (178 SE2d 571), where this court said: "It is well settled that it is improper to admit evidence relative to the existence of liability insurance in a damage action, since it is irrelevant and immaterial to any issue in the case. [Citations.]" See also *Minnick v. Jackson,* 64 Ga. App. 554, 560 (13 SE2d 891); *O'Neill Mfg. Co. Pruitt,* 110 Ga. 577, 579 (36 SE 59); *Heinz v. Backus,* 34 Ga. App. 203 (2) (128 SE 915); *Decatur Chevrolet Co. v. White,* 51 Ga. App. 362 (180 SE 377).

In his concurring opinion in *Young v. Carter,* 121 Ga. App. 191 (173 SE2d 259) Judge Hall referred to the irrationality of this rule which results in a "judicially created charade" but concluded that the only way it can be changed is by the General Assembly. We agree with our learned colleague's remarks.

6. Enumeration No. 9 deals with exclusion of three photographs which were apparently designated as plaintiff's Exhibits 21, 22 and 25 as these numbers are omitted in the transcript. The transcript does include fifteen pictures introduced by plaintiff and two by defendant. Our examination of the transcript (pages 234 through 237) discloses discussion relative to whether certain photographs were relevant after which the judge took the matter under consideration during the lunch recess. The transcript does not show that any ruling as to these specific pictures was ever invoked. "Where no final ruling as to the admissibility of evidence is invoked in the trial court no question for decision is presented to the reviewing court." *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576 (1) (103 SE2d 583).

7. There are four enumerations of error (Nos. 12, 13, 14, and 20) in which appellant argues his right of cross examination of the employee co-defendant was limited

improperly as well as resulting in the court having made improper comment thereon in the presence of the jury. Having closely scrutinized the transcript in view of these contentions as to abridgement of the important right to a thorough and sifting cross examination, we find no abuse of the trial judge's discretion to control cross examination within reasonable bounds. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895); *McNabb v. State,* 70 Ga. App. 798 (29 SE2d 643); *Western & A. R. v. Burnett,* 79 Ga. App. 530 (2) (54 SE2d 357); *Gordy v. Powell,* 95 Ga. App. 822, 827 (99 SE2d 313). Nor do we regard as harmful error the statement by the court of which the plaintiff now complains. See *Wood v. Hamilton,* 109 Ga. App. 608 (2) (137 SE2d 61); *Mitchell v. Gay,* 111 Ga. App. 867, 874 (143 SE2d 568).

8. Appellant enumerates as error the failure of the court to instruct the jury not to discuss the case when they were dismissed after the first day of trial. Counsel having made no objection to the manner in which the judge permitted the jury to disperse, he is deemed to have waived his right to complain. This specific point concerning dismissal of juries without precautionary instructions and without objection by counsel was passed on in *Stanley v. Hudson,* 78 Ga. App. 834, 838 (52 SE2d 567). See also *Bragg v. State,* 15 Ga. App. 623 (1) (84 SE 82); and *Wynn v. City & Suburban R.,* 91 Ga. 344 (3) (17 SE 649).

9. Another enumeration (No. 17) alleges error in failing to charge the jury on the law of impeachment of witnesses. Appellant did not request such charge but contends this to be within the protective category provided for in subparagraph (c) of *Code Ann.* § 70-207 permitting review "where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." The decisions prior to the addition of paragraph (c) ruled that in the absence of a timely request to charge on impeachment, the failure to so charge is not error. *Stone v. State,* 80 Ga. App. 557 (56 SE2d 835); *Bonaparte v. State,* 223 Ga. 648 (157 SE2d 272). We adhere to those rulings.

10. Enumeration of error No. 15 complained of that portion of the charge, the exact language which we quote from page 249 of the transcript: "I charge you that there is evidence that the plaintiff had been drinking beer prior to the accident, and in this connection, I charge you that if you should find that because of said drinking the plaintiff was in a condition whereby it was less safe for the plaintiff to drive than if he had not had anything to drink at all, then, and in that event I charge you that this would constitute negligence, provided that you find that this was an impairment which entered into the proximate cause of the collision."

This language is in accord with the ruling in *Carr v. John J. Woodside Storage Co.*, 103 Ga. App. 858 (120 SE2d 907). The trial judge properly left to the jury for determination whether the plaintiff's driving capabilities had been impaired and whether this entered into the proximate cause of the collision. It was legally correct and adjusted to the evidence particularly because the plaintiff had admitted drinking one twelve ounce can of beer immediately before the collision.

In a supplemental brief appellant asks "to submit data to the court for judicial notice to be taken of the fact that one beer does not make one less safe to drive, but that this amount of alcohol actually improves (though slightly) the driving ability of the consumer." To this supplemental brief are appended statements to such effect from persons whose qualifications would classify them as experts. No evidence of this nature was tendered at the trial so it cannot be considered by this court unless it comes within the purview of "judicial notice." As is pointed out in 11 Encyc. Ga. Law, page 250, this doctrine is not applicable to the personal knowledge of the individual judge and therefore the writer exercises his right of "judicial abstinence"[1] and expresses no opinion as to

---

[1]This is not to be confused with the doctrine of "judicial abstention."

the impact of imbibing any amount of the alcohol product euphemistically called "the cup of cheer."

Moreover, we cannot comply with the request since the doctrine of judicial notice exists to permit courts to recognize "facts of common knowledge . . . that are known to be certain and indisputable or that are subject to certain verification." 11 Encyc. Ga. L. 250. Some of these are itemized in *Code* § 38-112. One this subject see also Green, Georgia Law of Evidence §§ 4—7. Headnote 3 of *Cripe v. State,* 4 Ga. App. 832 (62 SE 567) specifically ruled: "The courts may take judicial cognizance of the fact that lager beer is an intoxicating malt liquor." In accord is *Dent v. State,* 14 Ga. App. 269 (80 SE 548). See also 49 ALR2d 764.

11. We find no error in the court having charged a portion of *Code Ann.* § 68-1633 with a withdrawal followed by an explanation to the jury in different language. The jury could not have been misled or confused. See *Bell v. Proctor,* 92 Ga. App. 759 (90 SE2d 84).

12. The remaining enumerations of error deal with the general grounds of the motion for new trial. It should be noted that in the instant case the jury being composed of laymen took it upon themselves to add to the usual verdict verbiage the words "both parties equal negligence." Our examination of the entire trial transcript shows some evidence to support this conclusion. "Where the trial judge approves the verdict, the sole question for determination is whether there is any evidence sufficient to authorize it." *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824); *Memory v. O'Quinn,* 101 Ga. App. 330, 333 (113 SE2d 780). See also *Neloms v. Carmichael,* 125 Ga. App. 331 (187 SE2d 555) and *Threlkeld v. Whitehead,* 95 Ga. App. 378 (98 SE2d 76).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*
SUBMITTED APRIL 5, 1972—DECIDED MAY 16, 1972.

*Mullis, Reynolds & Marshall, Gerald S. Mullis, Hall &*

*Bloch, S. Phillips Brown,* for appellant.

*Jones, Cork, Miller & Benton, E. Bruce Benton, Geo. T. Williams,* for appellees.