## 5627. SMITH *v.* THE STATE.

1. Where physical objects are introduced in evidence without objection, the general rule is that any objection which could have been made will be held to have been waived. But where, upon the suggestion of the court ex mero motu, physical objects which have merely been referred to in the testimony of witnesses for purposes of identification, and which have not been formally tendered in evidence for the purpose of having their admissibility passed upon by the court, are sent out with the jury, to be used by them as evidence in the consideration of the case, a waiver of the right to object is not necessarily to be implied on the part of a party, where the testimony of his counsel that he did not hear the remark of the court with reference to these articles is uncontradicted.

2. The effect of the introduction of unauthorized evidence is prima facie prejudicial to the losing party; and although it is the duty of counsel to make timely objection to evidence tendered, the exercise of ordinary diligence does not require counsel to anticipate that physical objects, referred to in the trial but which have not been tendered in evidence, will be submitted by the court to the consideration of the jury.

DECIDED MAY 16, 1914.

Accusation of misdemeanor; from city court of Zebulon—Judge Dupree. March 20, 1914.

*E. P. Patterson, Henry O. Farr,* for plaintiff in error.
*John F. Redding, solicitor,* contra.

RUSSELL, C. J. In the case at bar the defense of the accused rested wholly upon an alibi, which was supported by the testimony of two apparently disinterested and unimpeached witnesses; and this testimony would have authorized (though it did not require) his acquittal. One of the witnesses for the prosecution identified a watch as being the watch he found hanging on the limb of a tree, near which he testified he had seen the accused at the time of the alleged offense; and it was testified that a hat found near-by fell from the head of the accused. These physical objects were not formally tendered in evidence, and at the conclusion of the argument the court asked if the hat and the watch should go out with the jury. No response was made by counsel for the State or for the defendant, and these articles were allowed to go to the jury. It is apparent from the record that the watch was potentially adverse to the contention of the plaintiff in error, and the statement of counsel for the accused that he did not hear the remarks of the court with reference to sending the hat and the watch out with the jury is not contradicted or discredited. The affidavits of the jurors with reference to their consideration of the watch, of course, can not be considered, because the contents of their affidavits would tend to impeach the verdict rendered; but the watch should not have gone to the jury, for, in the state of the record, the evidence identifying the accused as the owner of the watch might not have been sufficient to warrant its introduction as evidence.

We have dealt only with the point as to the submission to the jury of physical objects which had not been formally tendered, so that the court could consider and pass upon the sufficiency of their identification and connection with the accused, and adjudge as to their admissibility; and while laches upon the part of counsel in

omitting to inform himself as to what was being sent out with the jury can not be excused, where opportunity has been offered by a formal tender of documents, maps, or other physical objects, we are the more inclined to award another trial in the present instance because it is extremely doubtful if the evidence in behalf of the State, which is circumstantial in.its nature, is sufficient to exclude every other reasonable hypothesis than that of the defendant's guilt. Let it be admitted that it was the defendant who was present; there was no evidence that the still was on his land, and it was shown to be located a mile and a quarter from his home. He was lying upon the ground, with his back against a tree, and therefore was not apparently engaged, or about to be engaged, in the operation of the still. There is no evidence that he was in his working clothes, or in his shirt-sleeves, or that he had any interest in the still or its product; and it seems to us that it is per-· haps as reasonable to infer that he intended to consume some intoxicant, acquired by gift or purchase, after its manufacture had been completed by the actual owner, as that he was a participant in the manufacture—interested in the ownership of the still, or its products.

The mere fact of flight alone, as held by this court in *Griffin v. State*, 2 *Ga. App.* 534 (58 S. E. 781), is not an incriminatory circumstance of sufficient probative value of itself to authorize conviction of crime. *Judgment reversed.*