## 5756.   BARROW *v.* THE STATE.

For the jury, without the knowledge or consent of the prisoner, to receive and keep in their room, while deliberating on the case, articles of goods which "the State sent out to the jury-room," and which were alleged to have been stolen on the night of the burglary in question, and which had been identified in the presence of the jury, but had not been introduced in evidence, was unwarranted by law, and was presumably prejudicial to the defendant.

DECIDED FEBRUARY 3, 1915.

Burglary; from Tattnall superior court—Judge Sheppard. April 15, 1914.

*H. H. Elders,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

RUSSELL, C. J. The ruling stated in the headnote determines the only serious question in the case. Apparently there was no error in the refusal to grant a new trial upon the alleged newly discovered evidence, but we forbear to express any opinion as to this, because upon the new trial which, for the reason stated in the headnote, we feel constrained to grant, the accused will have the opportunity of submitting that testimony to the jury.

The evidence in the record fully warranted the verdict of guilty, but the verdict can not be held to have been demanded; and for that reason, since a grave irregularity must prima facie be presumed to have been prejudicial to the losing party, the trial judge should have granted a new trial upon the ground of the motion in which it is alleged that certain physical objects identified by witnesses as bearing upon the case (but which were not introduced in evidence) were, without the knowledge or consent of the defendant or his counsel, taken by the jury to the jury-room and retained by them during their deliberations. The verbiage of that ground of the motion is somewhat peculiar, and we attach some significance to the fact that there is in the motion no express statement as to whether the trial judge had knowledge that the articles alleged to have been stolen were sent to the jury-room, or whether they were sent without his knowledge or consent, though it is alleged that they were sent without the knowledge or consent of the defendant or his counsel. If it expressly appeared, from the allegations of fact in the exception as certified by the presiding judge, that the articles in question were sent to the jury-room without the court's knowledge, the case would undoubtedly fall clearly within the ruling in *McCoy* v. *State,* 78 *Ga.* 490 (4), 494, 499 (3 S. E. 768). On the other hand, as stated in *Smith* v. *State,* 14 *Ga. App.* 610 (81 S. E. 817), "Where physical objects are introduced in evidence without objection, the general rule is that any objection which could have been made will be held to have been waived." If it had appeared that these articles, after having been identified, were taken to the jury-room with the court's permission, after State's counsel, in introducing them in evidence, had offered to tender them to

counsel for the accused, and that a formal tender was prevented by an unexcused or inexcusable absence of the defendant's counsel from the court-room at any time during the trial, we should be inclined to hold that a waiver of the right to object could be implied from counsel's absence during the trial. Where physical objects pertinent to the case on trial have been fully identified, the court is not required to exclude this demonstrative evidence merely because counsel for the opposite side, by voluntarily absenting himself, prevents formal tender of the object preliminary to its introduction, nor can the court be expected to suspend a trial in order to procure the presence of counsel who has voluntarily absented himself. In such a supposable case it would seem that there would be an implication that counsel considered the introduction of the physical objects of so little importance that if he were present he would not object to their introduction. In the case at bar, however, the statement of the occurrence, as approved by the trial judge, is that, "the State sent out to the jury-room, with the jury that tried said case, several articles of goods alleged to have been stolen on the night said burglary was committed, and said goods were identified in the presence of the jury, and this was done although said goods were not in any way introduced in evidence on said trial, and this was done without the knowledge or consent of the defendant or his counsel." Since the direction of a trial is absolutely within the control of the presiding judge, and since the judge himself certified that the State sent out these articles, we think it is reasonably to be implied that he never knew of or consented to the jury's possession of them. In *Smith's* case, supra, this court reversed the judgment because a waiver of the right to object was not necessarily to be implied where the trial judge ex mero motu suggested sending out physical objects not formally tendered in evidence, and there was uncontradicted testimony from the defendant's attorney, upon the motion for a new trial, to the effect that he did not hear the remark of the court with reference to the articles. Upon the point now under consideration the case of the plaintiff in error is stronger than *Smith's* case, because in *Smith's* case the court knew of, and in fact suggested, the sending of the physical objects which had been identified, and if counsel in that case had been more attentive he might have heard the remarks of the court and might have made objection. From the statement

of facts in the present case, approved as true by the trial judge, it is inferable that the physical objects referred to were put in possession of the jury without the knowledge of either the court or the accused or his counsel.

Though reluctant to set aside this verdict, supported by evidence and approved by the trial judge, the introduction of foreign matter before the jury is presumptively so prejudicial to that fair and impartial trial guaranteed by law that we are constrained to hold that the learned trial judge erred in overruling the motion for a new trial.          *Judgment reversed.  Broyles, J., not presiding.*