## BURKE *v.* THE STATE.

1. The evidence in the case is sufficient to authorize a verdict of guilty.
2. The court was authorized to find that the defendant and his counsel knew that certain articles which constituted material evidence, but which had not been formally introduced in evidence, had been carried out by the jury when they retired to make their verdict; and consequently there was no error in refusing to grant a new trial on the ground of the motion complaining of the fact that such articles were delivered to the jury when they retired to consider of their verdict.

No. 754. JULY 9, 1918.

Indictment for murder. Before Judge Littlejohn. Macon superior court. December 19, 1917.

*John B. Guerry,* for plaintiff in error.

*Clifford Walker, attorney-general, John A. Fort, solicitor-general, and M. C. Bennet,* contra.

BECK, P. J. The plaintiff in error was charged with the offense of murder, it being alleged in the indictment that he feloniously struck the decedent with an ax and killed him. The jury trying the case returned a verdict of guilty, and the defendant was sentenced to be hanged. He made a motion for a new trial, which after hearing was overruled. The original motion contains the general grounds that the verdict was contrary to law and evidence and without evidence to support it. This motion was amended by the addition of a ground in which the movant complains that a certain ax which had on it stains claimed to be blood stains, and which was identified as the ax found at the place where the crime was committed, and which the State insisted was the ax used by the defendant in killing the decedent, was sent out with the jury when they retired to consider of their verdict, without having been introduced in evidence; and that a certain vest, a part of the clothing of the decedent, with blood stains on it, and the pistol, were also handed to the jury when they retired, without having been introduced in evidence.

The plaintiff in error contends and submits evidence to show that he was unaware of the fact that the articles referred to in the foregoing statement of facts, that is, the vest, the ax, and the pistol mentioned, had been sent out with the jury, until after the verdict; and the accused and his counsel made affidavit to this effect. The bailiff having the jury in charge, however, made an affidavit in which he deposed, that he was in charge of the jury at the term of court at which the defendant was convicted; that he carried into the jury-room the ax, vest, and pistol in question, which articles had been identified during the trial; that he had not been directed by the State's counsel to do this, but he thought it was proper to do so, and acted in good faith; that the defendant, Burke, and his counsel were "standing by him, were sitting within a few feet of him when he carried said articles to the jury-room, and that both of said parties were looking directly at him and made no objection of any sort whatever; that he carried said articles into the jury-room at the time the jury were retiring to make their verdict; that counsel for the accused knew that these articles were being carried into the jury-room, by reason of the fact that he was standing within two feet of deponent when he gave them

to one of the jurors, and he saw deponent give them to the juror." In view of this positive and unequivocal affidavit of the bailiff the court was authorized to find that the defendant and his counsel were not without knowledge of the fact that the articles in question had been delivered to the jury, and that a motion for a new trial after verdict based upon the ground that the jury had the articles in question out with them came too late. For if counsel for the defendant knew that the bailiff had delivered the articles to the jury he should have then objected, and counsel for the State could then have offered them in evidence, as they had during the trial been identified by various witnesses for the State—the vest as being that of the decedent and the ax as being the weapon found at the place where he had been slain. The pistol had also been identified as the pistol belonging to the deceased. These articles had been handled before the jury, and testimony as to their condition and where they were found and to whom they belonged had been submitted. We do not, however, rule that the pistol, the ax, and the vest could have been sent out with the jury without being formally tendered in evidence, nor do we rule whether it would have been reversible error for them to have been so sent out—in view of our ruling that the court was authorized to find, under the evidence set forth above, that the plaintiff in error and his counsel had knowledge of the fact that the articles were taken out by the jury.

The evidence of the defendant's guilt is such as to leave no doubt that the accused, if he had mental capacity to commit crime, was guilty of murder as charged. His very statement made at the trial was sufficient to show that he was without a defense.

*Judgment affirmed. All the Justices concur.*