### 16966. WILLIAMS-THOMPSON COMPANY *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

It appearing from the facts disclosed by the record that the tenant, on the date when the eviction warrant was issued, was occupying the premises under the terms of an accepted offer of rental, for which the rent

Landlord and Tenant, 35 C. J. p. 1031, n. 70; 36 C. J. p. 644, n. 12. Payments, 30 Cyc. p. 1208, n. 99.

was actually paid and accepted, and was not merely holding over under the previously expired contract, the warrant could not legally be maintained.

DECIDED JUNE 18, 1926. REHEARING DENIED JULY 20, 1926.

Certiorari; from Fulton superior court—Judge Bell. October 26, 1925.

Application for certiorari was made to the Supreme Court.

*Hewlett & Dennis, Watkins & Asbill,* for plaintiff in error.

*W. O. Wilson, McDaniel & Neely,* contra.

JENKINS, P. J.    1.    It appears from the record that on September 1, 1919, Williams-Thompson Company leased from the Louisville & Nashville Railroad Company premises known as number 12 Produce Row, Atlanta, Georgia, for a term which expired on December 31, 1923.    At the expiration of the lease, the Williams-Thompson Company refused to vacate the premises in accordance with a notice so to do, and filed a petition in the superior court of Fulton county to enjoin the railroad company from dispossessing it; the prayer for injunction was denied, and the judgment of the superior court was affirmed by the Supreme Court. 159 *Ga.* 793 (126 S. E. 833).    Pending the litigation the Williams-Thompson Company continued to occupy the premises under a supersedeas bond.    After the rendition of the judgment of the Supreme Court, and on Friday, March 27, 1925, an agent of the railroad company called upon James T. Williams, President of the Williams-Thompson Company, and demanded possession of the premises, and at the same time presented a bill for all past unpaid accrued rent, and for rent up through March 31, 1925. Williams requested time to make up his mind as to what he would do, and was granted until the following Monday noon, March 30.    On the trial of a dispossessory-warrant proceeding in the municipal court of Atlanta, the company's agent who rendered the bill and made demand for possession testified that, having received no word from the defendant by noon of March 30, a dispossessory warrant was instituted on that day.    Williams testified on behalf of the defendant that on Friday, March 27, he mailed a check, which appears to have been actually dated March 26, 1925, for the amount of the bill as rendered, to the agent of the plaintiff railroad company at Augusta, Georgia, the official to whom payment was to be made as indicated by the bill.    This check, introduced in evidence, shows

the indorsement of the company, and that the check was deposited by it on March 31, 1925, and the bill receipted on that date, and that the check was paid out of the defendant's funds on April 1, 1925. The counter-affidavit sets up that at the time the dispossessory warrant was issued, the Williams-Thompson Company was not holding over and that no rent was past due. The municipal court decided the issues in favor of the defendant, and a certiorari to this judgment was sustained by the superior court, and to this latter judgment exception was taken.

The record showing that, under a previous holding of the Supreme Court, the defendant was a tenant holding over at the time payment of rent and possession of the premises were demanded on March 27, the burden was upon it to show that at the time the dispossessory warrant was issued, on March 30, it was in possession in accordance with its acceptance of the special offer made by the plaintiff at the time of the demand, by which it might remain in possession for the remainder of the month, including March 31. Checks not being payment until themselves paid (Civil Code of 1910, § 4314), the mailing of a check to the plaintiff's agent at Augusta on March 27, including rent through March 31, in compliance with the express offer contained in the bill for rent presented by the plaintiff on March 27, would not of itself amount to an acceptance of the offer by noon of March 30, as required by the terms of the offer, and it was the privilege of the plaintiff to refuse the check and stand on its right to dispossess after the day and hour last mentioned. The plaintiff, however, having on March 31 collected the check and receipted the bill for rent, including March 31, as being a payment made in accordance with the terms of its special offer made on March 27, affirmed the existence of a rent contract between the date of the offer and April 1. *Guptill* v. *Macon Stone Supply Co.,* 140 *Ga.* 696, 698. It is true that the acceptance, from a tenant holding over, of rent which has accrued subsequently to the issuing of a dispossessory-warrant proceeding does not estop the landlord from pressing the proceeding to dispossess the tenant (*Allen* v. *Allen,* 154 *Ga.* 581 (6), 115 S. E. 17), but this principle was applied to a tenant holding over, and does not apply where the acceptance of such a payment under the terms of such offer necessarily affirms the contract and fixes the status of the tenant as having been in legal possession of the prem-

ises during the period for which the rent was tendered and accepted. It appears from the facts disclosed by the record that the tenant occupied the premises from March 27 to March 31, inclusive, under the terms of an accepted offer of rental, for which the rent was actually paid and actually accepted, and that it was not merely holding over under its previously expired contract. It follows, therefore, that the dispossessory warrant taken out within the period of such recognized lease could not legally be maintained. *Wadley* v. *Jones, 55 Ga.* 329.

*Judgment reversed. Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

A motion for rehearing was filed in this case, in which it is set forth that the court appears not to have taken into consideration that the dispossessory warrant is based upon two grounds, not solely upon the ground of the non-payment of rent, but also upon the further ground that the tenant was holding over. We did not overlook the fact that the dispossessory warrant was thus based upon each of these grounds; but, as we understand the case, the plaintiff accepted the rent tendered to the person designated in the bill to whom payment was to be made, for a term including March 31. Therefore, on the date on which the warrant was issued, to wit, March 30, not only was there no default in payment of rent, but the defendant could not be holding over, since the term fixed by the date to which rent had been paid and accepted had not then expired. In other words, as we see it, the acceptance of the rent for the period designated in the bill rendered, including one day subsequent to that on which the warrant was issued, rendered the proceeding invalid upon each of the grounds alike.

*Rehearing denied.*