25839. MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH *v.* KICKLIGHTER.

170

DECIDED JANUARY 22, 1937.

*Shelby Myrick, Joseph C. Hester, Julian F. Corish,* for plaintiff in error.

*Travis & Travis,* contra.

GUERRY, J.   Julia Kicklighter obtained a judgment against the mayor and aldermen of the City of Savannah, for damages from injury which she alleged she sustained by walking into certain iron rails embedded in the ground next to a sidewalk on a certain street in that city, and extending over the sidewalk.   The defendant contends that a new trial should be granted, because the court erred in charging the jury as follows:   "The jury may also consider any other evidence which has been introduced here before it to-day, such as the standards which are alleged to have caused the injury;" for the reasons (a) "that the standards had not been tendered or admitted in evidence, and therefore were not part of the evidence, and should not have been considered by the jury in determination of the issues in said case;" (b) "that the above-quoted charge is erroneous and harmful, in that the court thereby expressed the opinion that the standards, which this charge of the court assumed had been introduced in evidence, were in fact the standards removed from the property, whereas movant had contended throughout the trial of said case that the said standards exhibited by plaintiff were not the standards removed from the property."   Further, that a new trial should be granted, "because the court erred in permitting said standards to be taken by the jury to the jury-room while they were deliberating the issues in said case.   This was error prejudicial to defendant, in that said standards had not been tendered or admitted in evidence, and should not have been considered by nor been in the custody of the jury while considering the issues in said case.   Movant contends that the allowance of these standards to go out with the jury was prejudicial, in that testimony for the movant was that the standards which were brought into

court by the plaintiff were not the standards that had been upon the property of defendant; and since said standards had never been tendered or admitted in evidence, movant had no opportunity to object to their admissibility." With reference to these standards, it appears that on the trial the plaintiff produced two iron standards or rails. J. L. Kicklighter, father of the plaintiff, testified: "Those standards looked to me like a bed-railing, approximately 1½ by 2-inch standards. Those two standards there are the standards in question [identifying the pieces]. They were not away from the sidewalk, but were against the sidewalk. You can see on the standards there [exhibiting the standards to the jury] that they projected above the ground approximately 12 inches. That mark is the rust, showing they were driven in the ground; the rust indicates the damage to the iron that was in the ground. . . I identify these two as the two standards driven there, because two were driven there, and I should say they are the ones." Enoch L. Hendry, testified: "I am in the detective department of the City of Savannah. . . On March 13, 1935 . . I remember Mr. Coursey and I were sent to answer a call on 33d and Montgomery, that there were some obstructions there that ought to be looked after. I remember we pulled up the stobs and took them back to the barracks. Those are the stobs that we took in. It looks to me like the stobs show they were driven into the ground up to here [indicating], and I would say that is about 12 inches from the top." Mrs. W. G. Edmundson, after testifying that there were two iron standards at about the place plaintiff claimed she sustained her injury, said: "If those are not the two standards, they were something like that; they were not round; that is the kind of stob that was there."

The evidence for the defendant contradicted the plaintiff's witnesses as to the exact location of the standards. One witness testified: "These two rails here behind me are not the ones that were out there." The bill of exceptions recites: "Be it further remembered, that said motion for new trial came on to be heard on June 6, 1936, at which time defendant submitted to the court for approval its amended motion for new trial; and at said time the court inquired of the bailiff of the court, who had been in charge of the jury at the trial, if it was true, as recited in the amended motion, that the iron standards referred to in the amended motion

for new trial were taken out with the jury to the jury-room. In response the bailiff informed the court that said standards were taken out with the jury and were in the custody of the jury while they were deliberating the issues in said case; at the same time counsel for the defendant, in response to an inquiry by the court, stated in his place that he did not know said standards were being taken out with the jury, and that he did not learn of said fact until after the jury had retired and were deliberating the issues in said case." In approving the grounds of the motion for new trial the court said: "While it is true, as recited, that the standards referred to in the recitals of facts in the above amended motion for new trial were not formally introduced in evidence, it is proper for the appellate court to know, in reference to the same, that while the standards, so far as the stenographer's notes show, were not formally introduced in evidence, nevertheless they were exhibited to witnesses in the case, marks on the stands were identified, and matters pertaining to the standards were freely testified to by witnesses who exhibited the standards to the jury. Furthermore, when the standards were being exhibited to the jury, during the argument of counsel for the plaintiff, objection was made to the writing on a card which was attached to the standards, on the ground that the card had not been introduced in evidence, and this objection was sustained by the court. No objection whatever was made at that time by counsel for the defendant to the standards themselves, which were being freely exhibited and displayed to the jury; the only objection being to the card mentioned."

In respect to the question whether a new trial should be granted because the jury had out with them the standards which had not been formally introduced in evidence, counsel for defendant cite *Barrow* v. *State,* 15 *Ga. App.* 690 (84 S. E. 204); *Smith* v. *State,* 14 *Ga. App.* 610 (81 S. E. 817). In *McCoy* v. *State,* 78 *Ga.* 490 (3 S. E. 768), the court ruled: "For the jury, without the knowledge or consent of the prisoner, and without leave of the court, to receive and keep in their room, whilst deliberating on the case, the gun with which the State contends the homicide was committed, and the coat worn by the deceased at his death and pierced with the fatal shot, is unwarranted by law." In that case it appeared from the certificate of the judge that the articles were identified by witnesses and exhibited to the jury, though not formally

introduced in evidence during the trial. In *Barrow* v. *State,* supra, the court said: "For the jury, without the knowledge or consent of the prisoner, to receive and keep in their room, while deliberating on the case, articles of goods which 'the State sent out to the jury-room,' and which were alleged to have been stolen on the night of the burglary in question, and which had been identified in the presence of the jury, but had not been introduced in evidence, was unwarranted by law, and was presumably prejudicial to the defendant." In *Smith* v. *State,* supra, the court said: "Where physicial objects are introduced in evidence without objection, the general rule is that any objection which could have been made will be held to have been waived. But where, upon the suggestion of the court ex mero motu, physicial objects which have merely been referred to in the testimony of witnesses for purposes of identification, and which have not been formally tendered in evidence for the purpose of having their admissibility passed upon by the court, are sent out with the jury to be used by them as evidence in the consideration of the case, a waiver of the right to object is not necessarily to be implied on the part of a party, where the testimony of his counsel that he did not hear the remark of the court with reference to these articles in uncontradicted."

To begin our opinion, we might say that in our study of this case and the authorities submitted by counsel for both parties, the question as to what harm could have resulted to the defendant because the jury had out with them this iron standard or standards, under the facts of this case, even if we admit that technically speaking it was error for the court to allow it, has repeatedly come to our minds. No objection was urged to the testimony of the witnesses concerning them, nor was any objection urged to their being freely exhibited to the jury. Thus the jury had seen the standards, and had observed and heard their characteristics testified to. It is not urged in the motion for new trial that because they had the standards out with them, and could personally inspect them, they could or did learn of some fact or facts prejudicial to defendant's case which had not been brought out in the evidence. It is merely urged that the "allowance of these standards to go out with the jury was prejudicial, in that testimony for the movant was that the standards which were brought into court by the plaintiff were not the standards' that had been upon the

property of defendant." However, this fact made them none the less admissible as evidence. *Moon* v. *State,* 68 *Ga.* 687. The plaintiff's witnesses had positively identified them as the standards which injured the plaintiff. A witness for defendant denied this. The jury heard this testimony. Before they considered the standards as evidence at all, they had to resolve this conflict. .The court charged them to resolve conflicts in the evidence and as to the credibility of witnesses. How could the fact that the standards went out with them to their room make the jury more willing to believe the testimony of the plaintiff than that of the defendant? This is not shown. The defendant further says, that this amounted to error, because "movant had no opportunity to object to their admissibility." Here again, we perceive no harm. Physical objects which have any relevancy to issues in the trial of a case have long been held competent evidence. Bullets extracted from the body of a deceased person, and properly identified in a trial of defendant for murder (*Moon* v. *State,* supra), photographs properly identified (*Shaw* v. *State,* 83 *Ga.* 92, 9 S. E. 768), shoes and socks taken from the feet of defendant charged with murder (*Franklin* v. *State,* 69 *Ga.* 36, 47 Am. R. 748), a knife found in possession of accused charged with murder (*Wynne* v. *State,* 56 *Ga.* 113), a bag of money, a chisel, a satchel, identified in connection with the crime of burglary (*Braxley* v. *State,* 17 *Ga. App.* 196, 86 S. E. 425), and other physical objects have been held admissible by our courts. See also *Adams* v. *State,* 93 *Ga.* 166 (18 S. E. 553) ; *Union* v. *State,* 7 *Ga. App.* 27 (66 S. E. 24). The witnesses positively identified the standards as the ones causing the injury. We might ask, what objection could have been urged? We have pointed out that because the witnesses for defendant disagreed with the witnesses for plaintiff concerning the standards would be no reason for excluding them. In *Smith* v. *State,* supra, the court said that the physical evidence which went out with the jury might not have been admissible. That case is therefore distinguishable.

The *McCoy* and *Barrow* decisions, supra, seem to have held that where an object not formally introduced in evidence is sent out with the jury, it is presumptively harmful. At least the *Barrow* decision held this. However, we do not intend here to question that authority, or decide whether, that being a criminal case and this a civil case, a different rule should be held to apply here. We

do not base our decision of affirmance on the principle of harmless error. We have merely pointed out the above because it has seemed to be pertinently applicable to this case, and we seem to be somewhat supported in *Henderson* v. *State*, 33 *Ga. App.* 180 (125 S. E. 769). We have pointed out already that several witnesses identified and testified about the standards in question. They were exhibited to the jury during the examination of the witnesses. In his argument to the jury counsel for the plaintiff exhibited them to the jury, and counsel for the defendant objected to a card attached to them, on the ground that it had not been introduced in evidence. All of this was done without a semblance of objection from counsel for the defendant concerning the standards. We think that under these circumstances the defendant waived a formal tender of the standards, and that the judge properly treated them as evidence. No ruling in cases cited by defendant, which we have already quoted, contradicts this ruling. In *Georgia Excelsior Co.* v. *Hartfelder-Garbutt Co.*, 12 *Ga. App.* 797 (78 S. E. 611), Judge Pottle said: "Although the books were not formally introduced in evidence, the court certifies that they were produced and used on the trial, inspected by the court and counsel, and witnesses interrogated in reference thereto. In this manner entries from the books were read to the jury, and thus became a part of the evidence in the case. Under the circumstances the books were properly treated as evidence, at least in so far as they relate to the entries about which the witness had testified." In *Savannah Electric Co.* v. *Lowe*, 27 *Ga. App.* 350 (108 S. E. 313), Judge Jenkins said: "While, in the absence of proof, the court can not ordinarily take judicial cognizance of municipal ordinances (*Collier* v. *Schoenberg*, 26 *Ga. App.* 496, 106 S. E. 581), yet where, as here, the ordinances have been pleaded in the petition, and the trial court has certified that 'while the ordinances pleaded were not formally tendered in evidence they were read to the court in the presence of the jury,' such treatment of them by counsel without objection will be taken as equivalent to a formal tender." The cases of Wright *v.* Roseberry, 81 Cal. 87 (22 Pac. 336), and School Dist. *v.* Allen, 83 Ark. 491 (104 S. W. 172), support the text of 64 C. J. 115, which states: "Formal introduction is waived where the court and parties treat an instrument as in evidence." See also *Parsons* v. *State*, 32 *Ga. App.* 504 (6) (123 S. E. 622).

176

From the state of the record before us we think the defendant waived the irregularity of the jury having out with them the standards which had not been introduced in evidence. It appears from the bill of exceptions that counsel for the defendant, on inquiry from the court, stated that "he did not learn of said fact *until after the jury had retired* and were deliberating the issues in said case." It therefore appears that counsel did know of the irregularity before the jury reached a verdict. From the record it appears that counsel knew of these facts. The situation could have been amended, and we think was amended by verdict. If formal objection had been made, doubtless the court would have taken such action as would have been proper under the circumstances. Counsel in their brief in this court state that they did call the court's attention to the irregularity; but the record does not bear this out. The court does not certify to this objection; and while it is doubtless true that counsel, as they state in their brief, did call the attention of the court to it, we must take the record as it appears before us as being the truth of the case. "Unless prompt objection is made to an irregularity or impropriety in the progress of a trial, where known to counsel, it will be treated as having been waived." *Bragg* v. *State,* 15 *Ga. App.* 623, (84 S. E. 82). This principle has been applied to misconduct of trial judge (*Miller* v. *State,* 13 *Ga. App.* 440, 79 S. E. 232), misconduct of a juror (*Martin* v. *Tidwell,* 36 *Ga.* 332), and an erroneous expression of trial judge during trial (*Sorrow* v. *State,* 32 *Ga. App.* 504, 123 S. E. 914). In fact this very principle has been applied to a state of facts similar to that here considered, in which case the writer of this opinion was counsel for the defendant. In *Burke* v. *State,* 148 *Ga.* 230 (96 S. E. 326), the court said: "The court was authorized to find that the defendant and his counsel knew that certain articles which constituted material evidence, but which had not been formally introduced in evidence, had been carried out by the jury when they retired to make their verdict; and consequently there was no error in refusing to grant a new trial on the ground of the motion complaining of the fact that such articles were delivered to the jury when they retired to consider of their verdict." This does not conflict with the ruling in *Smith* v. *State,* supra; for in that case there was nothing to show that counsel knew of the impropriety, and the court held that it was not a nec-

essary conclusion from the facts that he should have known. We do not think it can be said that the charge amounted to an expression of opinion by the judge, as contended by the defendant. He merely instructed the jury that they "*may* consider . . the standards, *which are alleged to* have caused the injury." This amounted to no intimation as to what had or had not been proved with regard to the standards. We have already shown that we think the judge properly treated them as evidence, and therefore he did not err in telling the jury that they could consider them. This is the only question argued by counsel for the plaintiff in error in this court. The judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *MacIntyre, J., concurs.*

BROYLES, C. J., concurs in the judgment, but not in all the rulings of the decision.