## SMITH *v.* THE STATE.

BECK, J. 1. Where the question as to whether the deceased had a pistol in his possession and drew the same from his pocket at the time of the homicide was a contested issue on the trial, and both the State and the accused submitted testimony relative thereto, evidence alleged in a ground of a motion for a new trial to be newly discovered, that a pistol cartridge was found in the pocket of a vest worn by deceased at the time he was slain, if not merely cumulative and corroborative of the defendant's witnesses introduced on the trial, was not of such gravity and probative value as to require the granting of a new trial on that ground.

2. A ground of a motion complaining that the court erred "in ruling out the following testimony of S., 'As if trying to see what was going on in the room,'" does not raise any question for decision by this court, since it is impossible, without searching in the brief of evidence for the con-

text which would render the fragmentary extract from the evidence intelligible, to discover whether the evidence repelled was material or not. *Holland* v. *Williams*, ante, 617.

3. Evidence tending to show that an assault by the father of the accused upon the deceased and a companion of the deceased was made without provocation was not immaterial or irrelevant; it appearing that simultaneously with the assault the accused fired the fatal shot, and the jury having, under the issues of fact made by this evidence, to decide whether the homicide, if not justifiable, was murder or voluntary manslaughter. Whether the State should be permitted to introduce this evidence after the defendant had closed his testimony, even if it was not strictly in rebuttal, was a matter resting in the sound discretion of the court.

4. No error appears in any of the other rulings complained of. The evidence authorized the verdict, and this court will not interfere with the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Argued October 18,—Decided November 16, 1906.

Indictment for murder. Before Judge Reagan. Monroe superior court. August 27, 1906.

*Cabaniss & Willingham, R. L. Berner,* and *J. M. Fletcher,* for plaintiff in error. *John C. Hart, attorney-general,* and *O. H. B. Bloodworth, solicitor-general,* contra.