### 5936. PITTS v. THE STATE.

WADE, J. 1. Testimony of the agent of an express company, that he delivered to the defendant on a certain day a package marked "whisky," was not subject to the objection, made by the defendant's counsel, that "the evidence offered is in writing, and the writing is the highest and best evidence;" though the witness stated also, in answer to a question of the defendant's counsel as to what his record showed with reference

to it, that delivery was shown by the record. So far as appeared, his statement as to his delivery of the whisky was made from his recollection of the fact itself, and not merely from his recollection of what was in the record. "Whether the State should be permitted to introduce this evidence after the defendant had closed his testimony, even if it was not strictly in rebuttal, was a matter resting in the sound discretion of the court." *Smith* v. *State*, 126 *Ga.* 808 (3) (55 S. E. 1024); *Grusin* v. *State*, 10 *Ga. App.* 152-3 (75 S. E. 350); *Holland* v. *State*, 9 *Ga. App.* 834 (72 S. E. 290); *Caswell* v. *State*, 5 *Ga. App.* 483 (3), 486 (63 S. E. 566).

2. The charge of the court was subject to the objection presented by the assignment of error, that an opinion as to what had been proved was stated in the expression, "which corroborates the fact of sale," immediately following the statement that the State insisted that the defendant had whisky in his place of business. The language here quoted was susceptible of being understood by the jury in this sense, even though it may have been intended merely as a statement of a contention of counsel for the prosecution. A new trial is therefore required, under section 1010 of the Penal Code (Civil Code, § 4863). In regard to the detailed statement of contentions of the State as to the facts, "without submitting to the jury in detail the defense offered by the defendant," which also is assigned as error, see: *Thomas* v. *State*, 95 *Ga.* 484 (3) (22 S. E. 315); *Waters* v. *State*, 3 *Ga. App.* 649, 652 (60 S. E. 335); *Brown* v. *State*, 6 *Ga. App.* 356, 360-1 (64 S. E. 1119), and cases cited.

3. There was no other error requiring a new trial.

*Judgment reversed. Broyles, J., not presiding.*
DECIDED DECEMBER 9, 1914.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall. July 22, 1914.

*Hood & Strickland,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.