### 7334.  HAYES *v.* THE STATE.

RUSSELL, C. J.   1.  Generally an assignment of error which complains of the admission of testimony, without specifying by what witness it was delivered, by reason of which the reviewing court would be compelled to search the entire record in order to properly adjudicate the exception, is too indefinite to present any question for the consideration of the court.  However, in the present case, if it be assumed that the testimony in question was delivered by the agent of an express company, it was competent for the witness to testify, as he did, that he delivered certain whisky to the defendant, upon orders.  No statement as to the

contents of the written orders having been elicited, this testimony amounted only to an explanation of his reason for the delivery, and did not present the contents of the alleged writing, which, if properly construed, might not have authorized the delivery. See *Pitts* v. *State*, 15 *Ga. App.* 436 (83 S. E. 673).

2. The receipt of unusual quantities of liquor is a circumstance of more or less probative value, for the consideration of the jury. *Bragg* v. *State*, 15 *Ga. App.* 623 (7), 630 (84 S. E. 82).

3. In the absence of an appropriate and timely request for more ample and specific instruction, the jury were sufficiently informed by the charge of the court that they should not convict the accused unless they were satisfied by the evidence, and to the exclusion of a reasonable doubt, of the defendant's guilt. While it is incumbent upon the judge in the trial of criminal cases to so inform the jury, he is not required to reiterate this instruction or to specificially apply the rule as to reasonable doubt to each and every contention of the defendant. The requirement that a trial judge must give the jury the law of the case, even without request, does not impose the duty of more than once instructing the jury that they must be satisfied of the guilt of the accused beyond a reasonable doubt. *Bowen* v. *State*, 16 *Ga. App.* 179 (3), 183 (84 S. E. 793), and cases cited.

4. In any criminal case it is error to omit to charge the jury to the effect that the defendant is presumed to be innocent, and that the presumption of innocence is in the nature of evidence in behalf of the defendant. But in the absence of an appropriate request for more specific instruction, an excerpt from the charge of the court, in which the jury were told that the defendant was presumed to be innocent, and that the burden was upon the State to establish his guilt to a moral and reasonable certainty and beyond a reasonable doubt, was not subject to exception merely because the judge omitted to state to the jury that the presumption of innocence remained with the defendant until overcome by proof.

5. Considered in its entirety, the charge of the court fairly and clearly presented the law of the case, the evidence fully authorized, even if it did not demand, a verdict of guilty, and the trial judge did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED MAY 2, 1916.

Indictment for sale of liquor; from Wayne superior court— Judge Highsmith. February 12, 1916.

*James R. Thomas,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.