## 9170.   SMITH *v.* LEVERETT.

1. A bill of exceptions dismissed by this court on the ground that the writ of error was premature could not operate as exceptions pendente lite, where no direction that it might so operate was given by this court.
2. Those grounds of the motion for a new trial which relate to the admission of evidence are not in proper form for consideration.

    **19**

3. Refusal to direct a verdict is never reversible error.
4. Exceptions not argued in the brief of counsel for the plaintiff in error will be treated as abandoned.

DECIDED MAY 14, 1918.

Complaint; from city court of Houston county—Judge Riley. July 16, 1917.

*Feagin & Hancock,* for plaintiff.

*Duncan & Nunn, M. Kunz,* for defendant.

BLOODWORTH, J. 1. When this case was formerly before this court (18 *Ga. App.* 582, 89 S. E. 1094), the following opinion was rendered: "The only error assigned in this case being the overruling of the demurrer to the plea and answer of the defendant in the court below, and there being no final judgment excepted to, the bill of exceptions is prematurely brought, and must be dismissed." No direction was given that a copy of the bill of exceptions of file in the office of the clerk of the trial court should operate as exceptions pendente lite. In the absence of such direction the ruling was final as to the original bill of exceptions, and it can not now be considered by this court, though brought up as a part of the record.

2. "A ground of a motion for a new trial should be complete in itself, or rendered so by an exhibit to the motion. Accordingly, it has been repeatedly ruled that a ground based on the admission or rejection of evidence presents nothing for adjudication, when such evidence is not set forth therein either literally or in substance, nor attached as an exhibit to the motion." *Shaw* v. *Jones,* 133 *Ga.* 446 (9), 450 (66 S. E. 240). "Under the rulings of this court and of the Supreme Court, this court will not search through the record to find errors, when they are not specifically pointed out in the assignments of error or in the grounds of the motion for a new trial. The rule is that each ground of the motion for a new trial must be complete in itself." *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361). "A ground of a motion for a new trial which complains of the admission of certain specified testimony upon the trial of the case must state the name of the witness whose testimony is complained of." *Peeples* v. *Butler,* 21 *Ga. App.* 310 (94 S. E. 278); *Hayes* v. *State,* 18 *Ga. App.* 68 (88 S. E. 752). Under the foregoing and numerous other decisions of this court and the Supreme Court, grounds 1, 2, 3, 4, 5, and 6 of the amend-

ment to the motion for new trial present nothing for determination by this court.

3. "Under repeated rulings of the Supreme Court and of this court, the refusal of the trial judge to direct a verdict is never error." *Sheffield* v. *State,* 18 *Ga. App.* 697 (90 S. E. 356).

4. The other grounds of the amendment to the motion for a new trial were not argued in the brief of counsel for the plaintiff in error, and will be treated as abandoned.

5. There was evidence to support the verdict, which is approved by the presiding judge, and this court will not interfere.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*