### 15125. HATFIELD *v.* THE STATE.

BLOODWORTH, J. 1. The 4th ground of the motion for a new trial is based upon the refusal of the judge to continue the case, and alleges that counsel for plaintiff in error stated to the court that "We make the same motion for a continuance in this case that we did in the other." What the other case was or what motion was made to continue it does not appear. It is elementary that every ground of a motion for a new trial must be complete and understandable within itself. This ground is singularly violative of this principle, and presents nothing for the consideration of the court.

2. In the absence of a timely and appropriate written request, the court did not err in failing to charge the jury "in a full and complete manner that the presumption of innocence remains with the defendant throughout the trial and entitles him to an acquittal unless overcome by satisfactory proof." The charge of the court on the subject of a reasonable doubt sufficiently informed the jury that the burden was on the State. *Thomas* v. *State,* 129 *Ga.* 419 (4) (59 S. E. 246); *Finch* v. *State,* 24 *Ga. App.* 339 (2) (100 S. E. 739). This disposes of the 5th ground of the motion.

3. As there is no special insistence on all the grounds of the motion for a new trial, and the general grounds are not referred to in the brief of the plaintiff in error, they will be treated as abandoned.

             *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

                 DECIDED JANUARY 16, 1924.

Indictment for possession of liquor; from Walker superior court —Judge Wright. October 6, 1923.

Application for certiorari was denied by the Supreme Court.

*David F. Pope, O. N. Chambers,* for plaintiff in error.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.