### 16279.   MANNING *v.* THE STATE.

BLOODWORTH, J. 1. The first special ground (numbered 4) of the motion for a new trial alleges that the court erred in admitting certain testimony "over defendant's objection." In order to ascertain how or in

what manner, or whether or not, this evidence illustrates any issue in the case, it would be necessary to look to other portions of the record, and under repeated rulings of the appellate courts of this State, this ground will not be considered by the reviewing court. *Tice Co.* v. *Evans,* 32 *Ga. App.* 387 (16) (123 S. E. 742), and cases cited. Moreover, "it does not appear how the testimony which was admitted over objection was material or could have been hurtful to the plaintiff in error" (*Hunter* v. *State,* 148 *Ga.* 566 (2), 97 S. E. 523), or that it had any probative value. *Clare* v. *Drexler,* 152 *Ga.* 420 (4) (110 S. E. 176).

2. The opening paragraph of the 5th ground of the motion is as follows: "Because the court erred in not excluding from the jury the following evidence offered by the State, and all of the testimony offered objected to upon the same ground." This must refer to the objection urged in the preceding ground. In *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 160 (4) (91 S. E. 32), error was assigned as follows: "This charge was error for the reasons stated in ground 5." In discussing this assignment of error the Supreme Court said: "We will not return to ground 5 of the motion to ascertain what were the exceptions to the charge set forth therein. Each ground of the motion should be complete in itself, and we should not be referred to other grounds to see what questions were there raised." See also *Perkins* v. *State,* 29 *Ga. App.* 278 (4) (115 S. E. 527).

3. After the testimony referred to above was admitted "the movant then moved to exclude each and every part of the evidence," upon the ground that "the notes of the stenographer, put in writing at the time said evidence was offered, was the highest and best evidence as to what the defendant Ira W. Manning did swear upon the trial of said case, it not appearing that said notes were lost or destroyed." If the words "the notes of the stenographer put in writing at the time said evidence was offered" referred to the shorthand notes of the stenographer, to have introduced them would have been useless, as the jury could not have read them. If these words referred to the evidence after it had been transcribed from the notes, this was impossible, because the stenographer swore positively that he never transcribed these notes.

4. Even should it be granted that there is a slight inaccuracy in the excerpt from the charge of the court of which complaint is made in the 6th ground of the motion for a new trial, this was not of such materiality as to require a retrial of the case. *Holliday* v. *State,* 23 *Ga. App.* 400 (4) (98 S. E. 386).

5. When read in connection with the remainder of the instructions given the jury, the following instruction was not erroneous: "He (the defendant) has entered a plea of not guilty and enters upon the trial presumed to be innocent, and the burden is upon the State to prove his guilt." If fuller instructions were desired, a proper and timely written request therefor should have been made. *Pullen* v. *State,* 30 *Ga. App.* 24 (2), 27 (2) (116 S. E. 871), and cases cited; *Hatfield* v. *State,* 31 *Ga. App.* 554 (2) (121 S. E. 129), and citations; *Hays* v. *State,* 18 *Ga. App.* 68 (4) (88 S. E. 752). This ruling disposes also of the 8th ground of the motion for a new trial.

6. Where a person accused of perjury is on trial, the judge should instruct the jury that before they would be authorized to convict the

accused, the charge must be established by the testimony of two witnesses or by one witness and corroborating circumstances. Penal Code (1910), § 1017. However, the failure so to charge in this case could not have been harmful to the cause of the defendant, as he introduced no evidence, and two or more witnesses for the plaintiff testified positively to each of the material allegations in the indictment.

7. It is urged that the evidence introduced on behalf of the State "failed to show that the superior court of Wayne county, Georgia, had jurisdiction over and to try said case." There was no demurrer or plea raising this point. The record contains an appeal from the court of ordinary to the superior court. In addition, on the trial in the superior court, evidence was introduced, without objection, that the case was pending on appeal.

8. The 11th ground of the motion was emasculated by the note attached thereto by the judge who tried the case. *Jordan* v. *State*, 153 *Ga.* 167 (111 S. E. 417).

9. The court did not err in allowing in evidence the appeal to the superior court from the judgment rendered in the court of ordinary and filed May 3, 1922. The only objection urged at the time to its introduction was that it was "wholly irrelevant, immaterial, and inadmissible." In the latter part of this ground the court is alleged to have erred in admitting this evidence, and reasons are given why it should not have been admitted. Such reasons will not be considered by this court unless they "appear to have been urged before the trial judge and at the proper time." This does not appear. *Langston* v. *State*, 153 *Ga.* 127 (1) (111 S. E. 561), and cases cited; *City of Rome* v. *McWilliams*, 145 *Ga.* 191 (88 S. E. 931), and citations.

10. There is ample evidence to support the verdict.

    *Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*
                    DECIDED MARCH 27, 1925.

Indictment for perjury; from Wayne superior court—Judge Highsmith. January 10, 1925.

Application for certiorari was denied by the Supreme Court.

*M. Price, James R. Thomas & Son,* for plaintiff in error.

*W. B. Gibbs, solicitor-general, Alvin V. Sellers,* contra.