## 55270. JONES v. THE STATE.

McMURRAY, Judge.

Defendant's vehicle was stopped by police officers in the early morning hours when they noticed that it was

weaving. Balloon test was administered which indicated a high probability that defendant was intoxicated and that further tests for intoxication should be made. Defendant was placed under arrest, and in the course of custodial search two yellow capsules were found on his person. The yellow capsules were determined to be phentermine, a controlled substance. Defendant was charged by indictment with violation of the Georgia Controlled Substances Act and by accusation of driving under the influence. The jury returned a verdict of guilty on both charges, and defendant was sentenced to serve six years for the violation of the Georgia Controlled Substances Act and to serve concurrently 12 months on the driving under the influence conviction. *Held:*

Defendant's sole enumeration of error contends that the following charge of the court was harmful error: "Now with these principles of law in mind, I am going to call your attention to the charges against Mr. Jones. One is the possession of a drug known as phentermine. Now our law defines this offense in 79A-809, Schedule 4, and it says that 'it is unlawful for any person to possess or have under his control, any quantity of phentermine. . .It is unlawful to possess and/or have under your control any quantity of that drug. It is a controlled substance. . .Now, of course *the only exception would be where a doctor gives you drugs under a prescription and you have it in the container in which you received it from the drug store,* in other words, if you were given a prescription by a doctor for this drug and you went to the drug store and got that prescription filled and had it in the bottle from the drug store and *you took the drugs out and had them in your possession outside of the original container, then you have violated this law. You can't possess them except in the original container which has the prescription written on it.'*" (Emphasis supplied.) Since the repeal of the Uniform Narcotic Drug Act (Ga. L. 1967, pp. 296, 325-343; 1970, pp. 470; 1971, pp. 273, 299) by the Georgia Controlled Substances Act (Ga. L. 1974, p. 221) there has been no requirement that prescription drugs be possessed in the original container in which the drug was delivered. Defendant argues that this erroneous charge has misled, confused the jury and denied him a defense specifically

provided by law in that under the Georgia Controlled Substances Act (Code § 79A-814 (c) 3 (Ga. L. 1974, pp. 221, 245) and § 79A-802 (aa) (Ga. L. 1974, pp. 221, 223)), a person who lawfully possesses a controlled substance for his own use or for the use of a member of his household or for administering to an animal owned by him or a member of his household or agent or representative of the person may lawfully possess the controlled substance out of the original container in which the controlled substance was received. There was no evidence presented at trial to support defendant's argument. "It is not necessary for the State to negate any exemption or exception in this Chapter [Code Ann. Ch. 79A-8] in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this Chapter. The burden of proof of any exemption or exception is upon the person claiming it." Code Ann. § 79A-829 (a) (Ga. L. 1974, pp. 221, 262). See also *Porterfield v. State,* 137 Ga. App. 449, 450 (4) (224 SE2d 94). There was no evidence that defendant had a prescription for the capsules which were found in his shirt pocket wrapped in tissue. The charge given was erroneous in stating that a person could lawfully possess a controlled substance only in the original container in which it was received, but in the absence of evidence that defendant was in lawful possession of the controlled substance, we hold that the error in the charge was harmless.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 6, 1978 — DECIDED
MARCH 9, 1978.

*Bray & Johnson, H. Michael Bray,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.