59016, 59017. OWENS v. THE STATE (two cases).

SOGNIER, Judge.
Owens was found guilty in Case No. 59016, a bench trial, by the Superior Court of Dougherty County of possession of quaalude and possession of less than one ounce of marijuana, in violation of the Georgia Controlled

Substances Act (Code Ann. § 79A-801 et seq.). The trial court used the same evidence, without a separate hearing, as the basis for revoking twelve months of a fifteen-year probated sentence for two previous violations of the Georgia Controlled Substances Act (Case No. 59017). Owens appeals both his conviction and the revocation of his probation.

1. In Case No. 59016 Owens contends the trial court erred by (1) reversing its decision to grant Owens' motion for a directed verdict of acquittal as to possession of quaaludes: (2) denying appellant's motion to suppress evidence obtained as a result of searching appellant; (3) overruling appellant's objection to introducing marijuana into evidence when the chain of custody was not established; and (4) denying appellant's motion to suppress evidence obtained during a search of the automobile in which appellant was a passenger.

We need not discuss Enumeration 1, as the finding of guilty of unlawful possession of quaaludes must be set aside. The trial court found that the quaaludes were prescribed for appellant, but that he was unlawfully in possession of them because the quaaludes were not in their container. This does not constitute an offense. Code Ann. § 79A-812 did proscribe possession of prescribed drugs except in the container in which they were delivered; however, that statute was repealed in 1974 (Ga. L. 1974, p. 221) and such conduct no longer constitutes an offense. Accordingly, the finding of guilty of Count 1 must be reversed.

In Enumeration 2 appellant contends he was arrested for being intoxicated while a passenger in a car, in violation of a municipal ordinance, and the state failed to prove the existence of such an ordinance by introduction of a certified copy of the ordinance; therefore, the fruits of the illegal arrest were inadmissible. We agree. In a case almost identical to the facts in this case we held: "[t]herefore, this [municipal] ordinance, whose existence this court may not judicially recognize, cannot serve as a basis for upholding the arrest and incident search." *LaRue v. State,* 137 Ga. App. 762, 763 (224 SE2d 837) (1976). Accord, *Adams v. State,* 153 Ga. App. 41 (1980). In *LaRue,* we went on to hold: "The

state has failed to show any legal justification for defendant's arrest. The trial court therefore erred in permitting the fruits of the unlawful arrest to be introduced in evidence. [Cit.] Likewise, the marijuana seized from defendant's car should have been suppressed, since the probable cause supporting this search was derived solely from the prior illegality. We thus conclude that all of the drugs seized were fruits of the illegal arrest and that the trial court erred in overruling defendant's motion to suppress." (Emphasis supplied.) Accordingly, we conclude that all drugs seized, whether from the person of Owens or from the automobile in which he was riding, were inadmissible, as they were seized pursuant to an illegal arrest. Therefore, appellant's conviction of marijuana must be reversed, and Enumerations 3 and 4 need not be discussed.

2. In regard to the revocation of probation (Case Number 59017), the same rule discussed above would apply and thus, there is no evidence to support the revocation of appellant's probation. We have considered previously the question of whether an appellant's probation may be revoked on the basis of illegally seized evidence. *Amiss v. State,* 135 Ga. App. 784 (219 SE2d 28) (1975). In that case we held: "While the presence of marijuana . . . may have been 'slight evidence,' it must nevertheless be admissible evidence. Inadmissible evidence is no evidence at all." *Amiss v. State,* supra, at 786-787. As the basis for the trial court's revocation of probation was appellant's possession of quaaludes and marijuana and such evidence was inadmissible, by reason of the failure to introduce into evidence the municipal ordinance under which the accused was arrested, it follows that there is no evidence to support the revocation of probation.

*Judgments reversed. McMurray, P. J., and Banke, J., concur in the judgments only.*

SUBMITTED OCTOBER 31, 1979 — DECIDED FEBRUARY 19, 1980.

*James Finkelstein,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind,*

*Assistant District Attorney,* for appellee.