67270. SCOTT v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of trafficking in cocaine in violation of

the Georgia Controlled Substances Act. On appeal he contends the trial court erred (1) by denying his motion for a new trial, based on the general grounds; (2) by denying his motions to suppress evidence; (3) by denying his plea in abatement; (4) by allowing rebuttal testimony as to the wholesale and street value of cocaine; (5) by refusing to charge on the lesser offense of possession of cocaine; and (6) by charging the jury to consider verdicts in a certain order.

1. In regard to the general grounds, we have examined the entire transcript and find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Facts necessary to a determination of the issues raised on this appeal will be set forth as necessary in connection with the remaining enumerations of error.

2. Appellant contends it was error to deny his motions to suppress evidence made on May 18, 1982 and January 27, 1983. As appellant's plea in abatement was based on denial of his right to counsel at the time of the alleged consent search, these enumerations will be discussed together.

Evidence presented on the motions to suppress disclose that Paul Markonni, a federal narcotics agent on duty at the Atlanta airport, received a call at home from a police detective at the Fort Lauderdale, Florida airport that appellant had boarded a flight to Dallas, Texas with a stopover in Atlanta. Appellant purchased his ticket at Fort Lauderdale only four minutes before departure time; he paid cash for the ticket; he was looking around the airport nervously; and he had no luggage other than a tote bag he was carrying. Based upon this information Markonni went to the Atlanta airport and observed appellant debark; Markonni then followed appellant to the departure lounge for his flight to Dallas, where appellant got a boarding pass and made a telephone call. Markonni approached appellant after completion of the call, identified himself as a federal narcotics officer, and asked to see appellant's ticket and identification. After verifying appellant's identity and noticing that he was getting more and more nervous, Markonni asked if he could check appellant's tote bag. Appellant said okay, but asked to go somewhere more private, so Markonni took him to a Delta Airlines office. Markonni advised appellant of his right to consent to a search and his right not to consent to a search; he was also advised that he could consult with an attorney before making a decision, if he so desired. Appellant said he wanted to talk to an attorney, and Markonni pointed to a telephone and said to go ahead if appellant was concerned about what was in his bag. Appellant stated he was not concerned about the bag, but his person; he then consented again to a search of his bag. A packet containing 81.5 grams of cocaine was found in the bag, as well as some papers with notations relating to drug transactions. Appellant was ar-

rested and searched; a small inhaler containing .2 grams of cocaine was found in appellant's shoe.

Appellant argues that the initial stop by Markonni was unauthorized; that after appellant gave proper identification the investigative stop should have terminated; that appellant's consent was not given freely and voluntarily; and that it was improper to continue interrogating appellant after he said he wanted to consult with counsel before making a decision about a consent to search.

Markonni was an experienced narcotics officer with extensive training as well as several years experience, specifically in airports. He knew the detective who called from Fort Lauderdale, and that that city is a major distribution point for narcotics brought into the United States. An experienced officer may assess facts and circumstances in light of his training and experience, and such an officer's observation of repeated patterns of conduct by drug traffickers is sufficient to support a reasonable suspicion of drug trafficking. *Brooker v. State,* 164 Ga. App. 775, 776 (1) (298 SE2d 48) (1982). In the instant case Markonni testified that appellant fit the drug courier profile, and considering the information available to Markonni, it was sufficient to support a reasonable suspicion that appellant was a drug trafficker. This was reinforced by the fact that appellant became more and more nervous. Based on this latter fact Markonni asked if he could search appellant's tote bag, and appellant consented. No threats or coercion of any kind were used, Markonni was talking in a purely conversational manner and no other police were in the area. Thus, appellant's initial consent to search was completely voluntary.

In regard to appellant's argument that Markonni had no right to continue interrogating appellant after he said he wanted to talk to an attorney, Markonni did not interrogate appellant. He merely pointed to the telephone and told appellant to go ahead and talk to an attorney if he was concerned about what was in his bag. Thus, there was no interrogation and *appellant* chose not to call an attorney; instead, he again consented to a search. The doctrine of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) was based exclusively upon the Fifth and Fourteenth Amendment privilege against self-incrimination, Kirby v. Illinois, 406 U. S. 682, 688 (92 SC 1877, 32 LE2d 411), and as there was no police interrogation in the instant case, the doctrine is not applicable to the facts of this case. Since appellant freely and voluntarily consented to a search, this alone would authorize a denial of a motion to suppress evidence, *Guest v. State,* 230 Ga. 569, 571 (la) (198 SE2d 158) (1973). Thus, it was not error to deny appellant's motions to suppress evidence, and to deny his plea in abatement.

3. Appellant contends it was error to allow Markonni to testify in rebuttal concerning the wholesale value and street value of cocaine

because there was no defense evidence about value. This contention is without merit.

Markonni was qualified as a drug expert and could have testified during the prosecution's case in chief as to the value of cocaine, since appellant was charged with trafficking in cocaine. "Whether the State should be permitted to introduce this evidence after the defendant had closed his testimony, even if it was not strictly in rebuttal, was a matter resting in the sound discretion of the court." *Smith v. State*, 126 Ga. 803, 804 (3) (55 SE 1024) (1906); *Pitts v. State*, 15 Ga. App. 436, 437 (1) (83 SE 673) (1914). Further, after appellant testified that he was unaware the cocaine was in his bag, it was proper rebuttal to show that the cocaine was worth about $48,000, as it is highly unlikely that someone would place an item worth that amount in someone else's bag without their knowledge. Hence, it was not error to allow such testimony.

4. Appellant contends it was error to refuse to charge on the offense of possession of cocaine, as requested. The trial court charged the jury properly on the offense of possession of cocaine. Appellant's *requested* charge contained a proviso that *if the amount was less than 28 grams*, then the jury could find appellant guilty of possession of cocaine. This was not a correct statement of the law, for the unlawful possession of any controlled substance, regardless of amount, constitutes an offense. OCGA § 16-13-30. Thus, this enumeration of error is without merit.

5. Lastly, appellant contends it was error to charge the jury that their verdict should be considered in a certain order. The court charged that the jury should first consider the charge of trafficking in cocaine; if they found appellant was not guilty of that offense, they should next consider whether or not appellant was guilty of possession with intent to distribute cocaine; if they found appellant was not guilty of that offense, they should next consider if he was guilty or not guilty of possession of cocaine; lastly, if they found appellant not guilty of any of these three offenses, they should find appellant not guilty. Appellant contends it was infringing on the province of the jury to direct the order in which they should consider the offense charged and the lesser included offenses. This contention was decided adversely to appellant in *Horne v. State*, 155 Ga. App. 851, 852-853 (2) (273 SE2d 193) (1980).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1984 —
REHEARING DENIED MARCH 21, 1984 — 

*Carl A. Adcock, Albert B. Wallace,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr.,*

*Assistant District Attorney,* for appellee.