68902. FREDERICKS v. THE STATE.
(323 SE2d 265)

SOGNIER, Judge.

Appellant appeals his conviction of two counts of armed robbery.

1. Appellant first contends the evidence is not sufficient to support his conviction of robbery of the Kroger Company. Appellant argues that the evidence is all circumstantial and does not exclude every reasonable hypothesis except that of appellant's guilt.

Toni Ann Avery was the cashier in a Kroger store the night of June 30 — July 1, 1981. Appellant entered the store around 2:30 a.m., and after waiting until other customers had left the store, he brought three items to the checkout counter. Avery rang up the items and

when she turned toward appellant, he pointed a sawed-off shotgun at Avery and ordered her to give him all the money in the cash register. Avery identified appellant positively as the person who robbed her.

Appellant argues that because Avery identified him only by his nose and mouth, the identification was not sufficient to support the conviction, and the only remaining evidence was circumstantial. This argument is without merit. A jury verdict in a criminal case can rest solely on the testimony of a single eyewitness, and whether her identification should be accepted is a question for the jury. *Brown v. State*, 113 Ga. App. 112 (147 SE2d 512) (1966). Additionally, there was strong circumstantial evidence connecting appellant to this robbery. Hence, we find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by charging the jury: "Members of the Jury, you may consider whether or not you will draw an inference of guilt from flight or similar acts, if proven. Flight, or similar acts, if any, is subject to explanation. You decide the weight to be given to it, or whether to draw an inference or a consciousness of guilt, or not. You decide if there was flight, or similar acts, whether it was due to a sense of guilt or for other purposes, and if for other reasons, no inference hurtful to the defendant should be drawn." Appellant argues that use of the phrase "or similar acts" was vague and confusing, leaving it to the jury to determine what constituted similar acts. A charge on flight including the same phrase has been approved by our Supreme Court. *Dix v. State*, 238 Ga. 209, 215 (5) (232 SE2d 47) (1977). Appellant also argues that the evidence did not warrant a charge on flight, because the only evidence was that appellant was sent to South Carolina by his father because of a drinking problem. The evidence disclosed that appellant went to South Carolina shortly after the robberies in this case occurred, that he was there for six months, and no one except his family knew where appellant was. Further, the police could not locate appellant for six months after warrants issued for his arrest. Where there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. *Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463) (1980); *Butler v. State*, 170 Ga. App. 257, 259 (2) (316 SE2d 841) (1984).

Next, appellant contends the charge was burden shifting, placing the burden of explanation on appellant. This contention has been decided adversely to appellant. *Anderson v. State*, 153 Ga. App. 401, 403-404 (4) (265 SE2d 299) (1980).

3. Appellant contends it was error to allow the State to present rebuttal testimony to impeach a State witness, John Pine. Pine testified on direct examination for the State that appellant did not have a

key to the car that was allegedly used in the robbery of Kroger's; that as soon as the car warmed up it could not be driven due to transmission slippage; and that he did not remember telling the prosecutor he was afraid of appellant and his family. The State was allowed to call as a rebuttal witness a police investigator who was present when Pine made statements contrary to his testimony to the prosecutor shortly before trial about the car and his fear of appellant and his family. The investigator also testified that the car in question was operable, and had been seen being driven.

A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Whether the State should have been permitted to introduce the testimony complained of after appellant had closed his testimony, even if it was not strictly in rebuttal, was a matter resting within the sound discretion of the court. *Smith v. State*, 126 Ga. 803, 804 (3) (55 SE 1024) (1906); *Scott v. State*, 170 Ga. App. 409, 412 (3) (317 SE2d 282) (1984). Hence, it was not error to allow such testimony.

4. As a part of its charge on the issue of appellant's identification, the court instructed the jury: "You have been impaneled to try a most important issue. In fact, it is one of the most important issues that can be committed to a jury. It is one of vital importance to the accused, because with him, it is a question of whether or not he might face imprisonment in the penitentiary. It is a question of no less importance to you, and to the public, by its laws, to protect the citizens in the enjoyment of their lives, their liberties, their reputation and their property. It is in return for this protection that the citizen owes obedience to the government. The protection which the law provides to you and your families, even while you are asleep, can only be afforded to you by a rigid and impartial enforcement and vindication of the law." Appellant contends that this charge was error, as it "implies" an opinion on the part of the court that the jury had a duty to convict, to protect themselves and their families, and to vindicate the law. This enumeration of error is without merit.

In *Scott v. State*, 168 Ga. App. 631 (309 SE2d 904) (1983), we held that a charge in almost identical language to that used here was not harmful error when considered with the charge as a whole. In the instant case the court charged the jury fully on the presumption of appellant's innocence and the State's burden of proving each element of the offenses charged beyond a reasonable doubt. Further, the charge complained of continued: "One of the most important issues in this case is the identification of the defendant, as the perpetrator of the crime. *The state has the burden of proving identity beyond a reasonable doubt.* It is not essential that the witness himself should

be free from doubt as to the correctness of his statement; however, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant, before you would be authorized to convict him. *If you are not convinced beyond a reasonable doubt the defendant was the person who committed the crime, you must find the defendant not guilty.*" (Emphasis supplied.) Thus, considering the charge as a whole it is clear that the court was not expressing an opinion or informing the jury they had a duty to convict appellant. Accordingly, there was no error. *Scott*, supra at 632.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 15, 1984.

*Percy J. Blount*, for appellant.

*Sam B. Sibley, Jr., District Attorney*, for appellee.