## 72061. THACKSTON v. THE STATE.
(343 SE2d 171)

BANKE, Chief Judge.

The defendant appeals his conviction of two violations of the Georgia Controlled Substances Act and one violation of the Georgia Dangerous Drug Act. *Held*:

1. In his first two enumerations of error, the defendant contends that the trial court erred in its charge and recharge on criminal intent and in its charge on possession of drug paraphernalia. Both after the charge and after the recharge counsel answered "no" when asked if there were any objections to the charges.

"[I]f the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White* [*v. State*, 243 Ga. 250 (253 SE2d 694) (1979)] of reserving the right to object on motion for new trial or on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Counsel in the present case having neither objected nor reserved his right to object, the first two enumerations present nothing for review.

2. The defendant contends that the trial court erred in failing to afford him a pretrial evidentiary hearing on his motion to suppress and in admitting evidence allegedly obtained as a result of an illegal search and seizure. Although there is no transcript of any such evidentiary hearing in the record, recorded colloquies between the court and counsel which took place both at the beginning of the trial and at the hearing on the motion for new trial indicate both that there was such a hearing on the motion to suppress and that the defendant stipulated to the facts providing the foundation for the receipt of the evidence. This distinguishes the present case from *Gray v. State*, 145 Ga. App. 293 (243 SE2d 687) (1978), relied upon by the defendant, and persuades us to find this enumeration of error without merit.

During oral argument of the present appeal, defendant's counsel complained of the trial judge's action in issuing a supplemental order setting forth the purported facts upon which the original denial of the motion to suppress had been based, in a manner considerably more complete than the judge had been able to do either at the beginning of the trial or some weeks later, at the hearing on the motion for new trial. This "supplemental record" has played no part in our consideration of this appeal. The issue presented by this enumeration of error, as framed by the defendant, is not whether the trial court's denial of the motion to suppress was based on sufficient evidence, but whether the defendant was afforded an evidentiary hearing on the motion. The record establishes to our satisfaction that defendant was afforded such a hearing; and, absent a transcript, we must assume that the evidence adduced at that hearing supported the denial of the motion.

3. The defendant contends both that Count 2 of the indictment, charging him with the possession of the dangerous drug, tetracycline, was deficient as to form and that the evidence was insufficient to support his conviction of that offense. Assuming arguendo that the indictment was deficient as alleged, the issue cannot be addressed in this appeal, in that no demurrer or motion to quash was made in the trial court, so as to invoke a ruling on the issue. See generally *Williams v. State*, 162 Ga. App. 350, 351 (291 SE2d 425) (1982). However, we agree that the evidence presented was insufficient to authorize the defendant's conviction of unlawful possession of tetracycline. The evidence showed that several tetracycline pills were found in the defendant's home, in a prescription bottle bearing the name of his brother. The defendant's brother testified without contradiction that the pills were his and that they had been prescribed for him. Possession of tetracycline is legal provided the drug is still in the original container in which it was lawfully dispensed. See OCGA § 16-13-75. The defendant's conviction of possession of tetracycline is therefore reversed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 21, 1986.

*Douglas N. Peters*, for appellant.

*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.