### A89A1960. BLACK v. THE STATE.
(391 SE2d 432)

SOGNIER, Judge.

James Roy Black was charged with driving without a license, driving on the wrong side of the road, possessing less than one ounce of marijuana (a misdemeanor violation of the Georgia Controlled Substances Act), and possessing benzphetamine and diazepam (felony violations of the Act). Following a jury trial at which he appeared pro se, he was convicted on all counts, and he now appeals.

1. In two enumerations of error appellant contends he improperly was denied assistance of counsel at trial as he did not knowingly and voluntarily waive his right to representation. "When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. [Cit.] As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver. [Cit.] . . . When the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver. [Cit.]" *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). "[T]he record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se . . . [and] that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981).

In the case at bar, the transcript reveals only that at the beginning of the trial the judge informed the jury that appellant had chosen to represent himself. The record is devoid of any evidence that the trial court either informed appellant of the perils of proceeding pro se or made a finding that appellant had knowingly and intelligently waived his right to counsel. Accordingly, the judgment below is reversed and the case is remanded for further proceedings consistent with this opinion. *Jones*, supra at 84.

2. Appellant also contends the evidence was insufficient to support his conviction on the felony charges. The evidence discloses that appellant was driving an automobile in which Michael Thompson, Patricia Whitner, and Whitner's young son were passengers. The arresting officers testified that after they stopped appellant for driving on the wrong side of the road, they observed him drop a small black change purse on the ground and then pick it up and toss it away when the officers noticed it. The purse was retrieved and was found to contain 1.3 grams of marijuana, five benzphetamine tablets, and ten

diazepam tablets. Whitner testified that the pills belonged to her; that she had prescriptions for the drugs and had shown her prescription bottles to the arresting officers; and that the pills were out of their containers only because she had handed them to Thompson, her boyfriend and the owner of the purse, to ensure that her son did not get into them while she was asleep in the back seat. Thompson, who also was charged with possession of marijuana, invoked his Fifth Amendment privilege against self incrimination when called to testify at trial.

Benzphetamine and diazepam are controlled substances (OCGA §§ 16-13-27 (1) (B); 16-13-28 (a) (10)), the unauthorized possession of which is a felony. OCGA § 16-13-30 (a), (g). "[T]he unlawful possession of any controlled substance, *regardless of amount*, constitutes an offense. [Cit.]" (Emphasis supplied.) *Scott v. State*, 170 Ga. App. 409, 412 (4) (317 SE2d 282) (1984). Although Whitner testified that she had a prescription for the pills found in appellant's possession, there was no evidence that *appellant* had a prescription for the controlled substances found. See *Jones v. State*, 145 Ga. App. 224, 226 (243 SE2d 645) (1978). We find nothing in the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. (the Act), authorizing possession of controlled substances that allegedly were prescribed for someone other than the defendant but were not in the prescription container when found in the possession of the defendant. See *Jones*, supra at 226. Compare *Owens v. State*, 153 Ga. App. 525, 526 (1) (265 SE2d 856) (1980) (two judges concurring in judgment only), wherein this court reversed a conviction for possession of a controlled substance because the defendant had a prescription for the drugs although they were not found in the original container, and *Thackston v. State*, 178 Ga. App. 408, 409 (3) (343 SE2d 171) (1986), in which a conviction for possession of a dangerous drug (OCGA § 16-13-71 (b) (941)) was reversed because the drugs found in the defendant's possession were in the original prescription container that had been dispensed to the defendant's brother.

Appellant argues that because his travelling companion had a prescription for the controlled substances at issue, his possession of the drugs was not unlawful because there is no statutory requirement that controlled substances be in the original prescription container. OCGA § 16-13-75, which proscribes possession of dangerous drugs outside the original prescription container, does not apply to controlled substances, although the predecessor statute (Ga. Code Ann. § 79A-812), which was repealed by the Act (Ga. Laws 1974, p. 221), did apply to narcotic drugs. However, under our legislative and regulatory scheme, unlawful possession of a controlled substance is a felony and thus is treated as a more serious offense than unlawful possession of a dangerous drug, which is a misdemeanor. Compare OCGA § 16-13-30

with OCGA § 16-13-79. We find no indication that the General Assembly intended to authorize possession of controlled substances, a felony, allegedly prescribed for someone other than a defendant but not in the original container when found in the defendant's possession while outlawing possession of dangerous drugs, a misdemeanor, under the same circumstances. Accordingly, we are constrained to hold that the evidence adduced in the instant case was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of unlawful possession of controlled substances pursuant to the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 8, 1990 —
REHEARING DENIED FEBRUARY 27, 1990 —

*Janet G. Scott, Michelle G. Lundy*, for appellant.
*W. Fletcher Sams, District Attorney*, for appellee.