## A97A0270. YULL v. THE STATE.
(487 SE2d 508)

BEASLEY, Judge.

Yull has filed this pro se appeal from his conviction of burglary. OCGA § 16-7-1.

1. He enumerates as error the court's denial of his request for access to certain transcripts or tapes which would have exonerated him. As to such a ruling, appellant bears the burden of showing error affirmatively by the record. *Veit v. State*, 182 Ga. App. 753, 758 (6) (357 SE2d 113) (1987). Yull does not cite to, nor have we found, this ruling in the record. It appears that the material referred to by Yull concerns a burglar alarm call which the arresting officer received prior to apprehending Yull. The transcript of a pretrial hearing shows that the court did grant Yull access to a log of this call. No error is shown.

2. Yull also contends that the transcripts are not true and correct, but this is unsupported.

3. We do reach, however, Yull's complaint of the denial of his right to the assistance of trial and appellate counsel.

At arraignment, the DeKalb County Public Defender's Office was appointed to represent Yull. One week before trial, Yull discharged his court-appointed attorney at an unreported hearing from which counsel was absent. The parties agree that Yull requested that another attorney be appointed because the public defender was not prepared to go to trial. The court denied the request, based on its determination that Yull was merely trying to delay the proceedings. Yull states that the day prior to the unreported hearing, the public defender informed him that he should either plead guilty because of the strength of the evidence against him or ask the court to appoint another defense attorney. According to Yull, he requested that the public defender be made to appear at the hearing; that the judge denied this request, stating that he knew Yull's defense counsel and that he was or would be prepared to go to trial; and that Yull then elected to proceed pro se after being informed by the court that his choices were to either represent himself or have the public defender continue to represent him.

Yull was charged with burglary, a felony. He thus had an unconditional and absolute right to a lawyer absent a voluntary, knowing,

and intelligent waiver of that right. *Fernandez v. State*, 171 Ga. App. 290, 292 (319 SE2d 503) (1984). Yull's waiver of his right to counsel was not voluntary if, as he claimed, he was forced to proceed pro se because counsel was either unprepared or unwilling to go to trial. Since no response by counsel to Yull's claim appears of record, the State has not carried its burden to present evidence of a valid waiver. *Black v. State*, 194 Ga. App. 660 (1) (391 SE2d 432) (1990). When a defendant elects to waive the right to counsel, the record should show, among other things, that this choice was exercised after defendant was made aware of the right and the dangers of proceeding without counsel. See *Moss v. State*, 196 Ga. App. 81, 82 (1) (395 SE2d 363) (1990). No such showing appears in this record, aside from the court's conclusory observation at a subsequent hearing that Yull discharged his attorney after being "told . . . what your rights were."

The State seeks to show that Yull was not denied his right to appellate counsel, through a letter attached as an exhibit to its brief. This document is not considered because it does not appear of record. *Leatherwood v. State*, 212 Ga. App. 342 (1) (a) (441 SE2d 813) (1994).

Yull's conviction must be vacated and the case remanded for an evidentiary hearing on the question of whether he validly waived his right to counsel. If the court determines that he did, the conviction and sentence may be reinstated, and Yull will be free to pursue whatever appellate remedies are then available to him.

*Judgment vacated and case remanded. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

DECIDED JUNE 11, 1997.

Before Judge Castellani.

Benjamin Yull, *pro se.*

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.